ZACHARIAH WILLIAMS, APPELLANT, VS. SAMUEL C. KEYSER, APPELLEE.

1. An exception to the general rule, on the subject of proving private writings, is, where the paper writing is produced by the adverse party pursuant to notice, the party producing it claiming a beneficiary interest under it.

2. When the party producing a written instrument on notice claims a beneficiary interest under it, this fact dispenses with the necessity of giving proof of its execution, because of the *privity of interest*, and not because of the possession of the written instrument by the party against whom it is offered in evidence.

3. The general rule of law is, that the recital of one deed in another is evidence of the *fact* therein recited, and supersedes the necessity of introducing any other evidence to establish it.

4. The rule of law on the subject of admissions is, that the whole of the statement *containing the admission* is to be received together.

5. If the witness testifies to an admission made by a party to a suit, but says " *he only heard a part of the conversation*," the Court will not, in the absence of proof, *infer* that there was further conversation relating to the subject matter of the suit, but will allow the statement of the witness to go to the jury, to be considered by them in making up their verdict.

6. What the witness HEARS of a conversation in relation to the subject matter of a suit is the *whole of the conversation*, so far as his testimony is concerned, and if there was a conversation with other persons at the

Williams vs. Keyser—Argument of Counsel.

same time in relation to the subject matter of the suit, explanatory of that heard by the witness and not heard by the witness, it is incumbent on the party objecting to show what it was.

Appeal from the Circuit Court of Santa Rosa county.

This case was decided at Tallahassee.

A statement of the case is contained in the opinion of the Court.

*Hawkins* and *Mc Whorter* for appellant.

Under the first assignment of error, we remark that the instrument called for being in custody of the agent of Keyser, notice to the agent to produce it was sufficient. Benton vs. Payne, 2 Car. & Payne, 520; St. Clair vs. Stevenson, 1 Car. & Payne, 582.

The instrument called for was regularly executed, received by Keyser, kept evidently with great care and contained the clearest admission that the defendant Keyser was a member of the firm of A. McVoy & Co. He was a party to the covenant for indemnity, and though not signed by Keyser, it bound him to the same extent as if his signature had been appended to it. The recitals contained in it, if they were not technical estoppels as to his denial of them, constitute at least *prima facie* evidence of their truth. 1 Greenleaf Evi., § 22, 23, n.; 4 Comyn's Dig., 281; Carver vs. Jackson, 4 Pet., 21, § 83; Crane vs. Morris, 6 Pet., 611, 612; 1 Phillip's Evi., 473, 474, 574, n. 4.; 9 Cowen, 86; 9 Wadle, 209.

The proof of the instrument called for and adduced was not necessary. It was a covenant of indemnity to Keyser against the debts of the two firms in consideration of the sale by Keyser to the other members of the firms of his interest therein. It was a possession of Keyser, and he claimed and possessed a beneficial interest under it. (The presumption of law is that a party will adopt acts done for his benefit.) Starkie Evi., 8 Am. ed., 751; 2 Phillip's Ev.,

486; Rhoades vs. Selm, 4 Wash. C. C. R., 915; Stewart vs. Kingsley, 17 John. Rep., 158; 1 Greenleaf Ev., § 571, n.; Betts vs. Badger, 12 John., 223; Starkie on Ev., 8 Am. Ed., 506, 516, top paging; McPherson vs. Rathbone, 7 Wendell, 218.

2d assignment of error. The evidence of Golson should have been received. The issue was partnership *vel non.* A partnership can be proved by acts and admissions of all and every character. Pierson vs. Steinmeyer, 4 Rich'd S. C., 309; Tenn vs. Tompson, 4 Smith N. Y., 276; Lindley on Partnership, (89) top, 126; 21 U. S. Dig., 405, § 18; Starkie Ev., 8 Am. Ed., (505, 506,) 459.

Indeed, so far is this doctrine of admissions against a party interest carried, that they are deemed virtually or treated as primary evidence, and are proof against the party who makes them as to the contents of a document without producing it or calling the attesting witness. Starkie on Evi., (8 ed.,) 459, 460, (top;) Phillips on Evi., 346, 347; 1 Greenleaf, § 96, 97, 203; Best on Pr., 136, 42.

The objection to Golson's evidence was, that all of the conversation between Keyser and plaintiff's attorney was not narrated. This would be the rule if Golson had heard all. He could only state what he heard. To rule out what Golson actually heard because he did not hear all that was said, would be productive of great injustice, and if this principle is established, parties in innumerable cases will be deprived of the benefit of the most vital and important evidence. Isolated, detached and disconnected admissions are permitted in every day practice.

Golson's evidence should have gone to the jury. If they had thought that there were qualifications and explanations incident to Keyser's admissions, it was for them to have acted upon them. The rule is, not that the entire admission or confession must be given (for that is frequently impossible,)

but "that the whole of the statement containing the admission is to be received together." 1 Phill., 496, 402, 416.

*McClellan & Barnes* for appellee.

This was an action of assumpsit in the Circuit Court of Santa Rosa county against appellee, seeking to hold him liable on a promissory note made the 1st day of April, 1859, by A. McVoy & Co., for twenty-five hundred dollars. Keyser is sought to be held as a member of said firm of A. McVoy & Co. The issue joined is whether he ever was a member of the firm of A. McVoy & Co. at the time the liability was incurred by said firm.

The plaintiff offered in evidence a paper purporting to have been executed to the appellee on the 26th of April, 1859, by A. McVoy, Roman Mir and Puig, to indemnify and hold him harmless against the liabilities of the firms of Keyser, McVoy & Co. and A. McVoy & Co., and which recites that he had that day sold by a deed of same date his interests in said firms to A. McVoy & Co. It is produced in Court by W. J. Keyser, under a subpœna *tuces tecum,* who testifies it was left with him by appellee among his valuable papers for safe-keeping. It has no witnesses to it. Its execution was not proven or offered to be proven in the usual way. It was objected to and ruled out.

An exception to the general rule on the subject of proving private writings is said to be where the paper is produced by the adverse party pursuant to notice, the party producing it claiming an interest under it. There was no proof that Keyser claimed an interest under this paper, and the deed of conveyance mentioned in this paper was not offered by the plaintiff to show that instrument had been delivered and the transaction completed. It appears from the authorities that the interest claimed in these cases must be of an abiding nature—it must be claimed in the same cause. 1 Greenleaf on Evidence, 759 and 760.

Where the party producing an instrument on notice is not a party to it and claims no beneficial interest under it, the party calling for its production and offering it in evidence must prove its execution. 1 Greenleaf on Evidence, 760 and foot of § 571; 17 John. R., 158.

The evidence of the witness Golson was properly ruled out. He states explicitly he did not hear all of the conversation. Admissions or confessions are valuble, because they are against interest; yet verbal admissions are received with great caution. 1 Green. on Ev., 200. The whole of the admission or confession is to be taken together. 1 Green, on Ev., 201. The rule is that the whole of what was said at the same time, and relating to the same subject matter, must be given in evidence, and the rule is the same in civil and criminal cases. 1 Greenleaf on Ev., 201, 218; 9 Leigh. 633.

DOUGLAS, J., delivered the opinion of the Court.

This suit was brought in the Circuit Court of Santa Rosa county by Zachariah Williams against Sam'l C. Keyser, as surviving partner of the mercantile firm of Alexander Mc-Voy & Co., which firm was composed, it is alleged, of Alexander McVoy, Roman Mir and Samuel C. Keyser. The object of the suit is to recover the sum of $2,500, which the plaintiff alleges is due him on a note executed by Alexander McVoy & Co. to Samuel Stewart, and by Stewart endorsed to the plaintiff.

The defendant Keyser pleads, 1st, that at the time of the making of the promissory note he was not one of the members of the firm of Alexander McVoy & Co., and 2d, that he is not the surviving partner of the firm of Alexander McVoy & Co.

To these pleas the plaintiff replied, and issue was joined.

On the trial of the cause in the court below, the plaintiff, to support the issue joined, called as a witness William C. J.

Williams vs. Keyser—Opinion of Court.

Keyser, upon whom a subpœna "*duces tecum*" had been served, commanding him to produce on the trial a certain paper writing, then in his possession as agent of the defendant.

On being sworn, the witness testified that a paper writing, which he then held in his hand, belonged to the defendant, and had been left by the defendant, among other papers, with the witness for safe keeping.

The plaintiff's attorney then informed the court that the paper writing, in the possession of the witness, was a deed of indemnity given by Alex. McVoy, M. Puig and Roman Mir to the defendant Keyser, to protect and save him harmless from any responsibility or liability growing out of his connection with the said firms of Keyser, McVoy & Co., A. McVoy & Co., or either of them, or out of any debts due by the said firms to third persons; and offered to read it to the jury as evidence, without further proof of its execution. To this the defendant objected, which objection was sustained by the court.

To sustain the issue joined, the plaintiff then offered D. H. Gholson as a witness, who testified that he heard the defendant, in conversation with plaintiff's attorney, say that he had a writing of indemnity against this note, (meaning the note sued on,) and that he (defendant) would show it to plaintiff's attorney or leave it with William J. Keyser. The witness further stated that he had heard only a part of the conversation. The defendant objected to this testimony on the ground that the witness had heard only a part of the conversation, which objection was sustained by the court.

From the ruling of the court below in this case the plaintiff appealed to this court, and now assigns as error—

1st. That the court erred in refusing to allow the instrument of writing to indemnify defendant against the liability that might arise from his connection with the firms of A.

McVoy & Co. and Keyser, McVoy & Co., to be read as evidence to the jury, as tending to prove that defendant was a member of the firm of A. McVoy & Co.

2d. That the court erred in excluding the evidence of the witness Gholson from the jury.

In considering the first error assigned, it becomes necessary to decide what proof is necessary in order to admit private writings to go in evidence to the jury. The general rule is, that before they can be received in evidence their execution must be proved by the subscribing witnesses, or by proof of their hand-writing when they cannot be produced, or by proof of the hand-writing of the maker of the instrument, when there are no subscribing witnesses.

An exception to this general rule, on the subject of proving private writings, is said to be where the paper is produced by the adverse party, pursuant to notice, the party producing it claiming an interest under it; and some of the authorities say that the interest must be of an abiding nature, and claimed in the same cause.

In the case of the lessees of Rhodes & Snyder vs. Selin et al., decided in the Circuit Court of the United States for the Dist. of Penn. and New Jersey, 4 Wash. Cir. Ct. Rep., 719, Mr. Justice Washington, in delivering his opinion, says, "if indeed the party producing the instrument, on notice, be a party to it, or claims a beneficial interest under it, these facts may well dispense with the necessity of giving further proof, because of such privity of interest, and not because of the possession of the instrument by the party against whom it is offered in evidence."

In this case, the paper writing or deed of indemnity was in the possession of William J. Keyser, who had received it from the defendant for safe keeping. It was in contemplation of law in the control of the defendant. The act of the defendant, in leaving the paper with him, makes William J. Keyser the agent of the defendant for the safe keeping of

Williams vs. Keyser—Opinion of Court.

this paper, and the notice to this agent to produce it was in legal effect as valid as if served on the defendant himself. If not produced under the notice, then it would have been competent for the plaintiff to have given evidence of its contents.   Sinclair vs. Stevenson, 1 Car. & Payne, 583.

Was the defendant a party to the deed of indemnity, or did he claim a beneficial interest under it?   The defendant, if not a party to the writing of indemnity by affixing his signature thereto, is clearly the party who alone claims a beneficial interest under it.   It was made for his benefit alone, and to protect and save him harmless against any liability that might arise from his connection with the mercantile firms named in the deed of indemnity.   It most certainly was not made for the benefit of the parties who signed it, for they could, by no possibility, have an interest in his exemption from liability on account of his connection with the mercantile firms named in the deed, and it was against their interest to assume the legal obligation to protect him from such liabilities.   He was the only person who had a beneficial interest in this paper.   He proves by the care he took of it, by placing it in the hands of his agent with instructions for its safe keeping, that such was his own understanding as to his interest in it.   This, act on his part, shows his interest in its preservation, his knowledge of its contents and his acceptance of and consent to the beneficial provisions for his protection.

When taken in connection with the further fact that the paper was produced on notice, and was found to be in the possession of the agent of the defendant, it brings the case within the rule of law, as laid down by Mr. Justice Washington, in the case of the Lessees of Rhodes & Snyder vs. Selin et al., and excuses the plaintiff from offering proof of the execution of the deed of indemnity.

If the suit was against either of the parties who signed the written instrument, and not produced on notice by the

adverse party, it would be necessary, before it could be received in evidence, to prove its execution, either by the subscribing witnesses, or by proof of their hand-writing, or by proof of the hand-writing of the parties who signed it. But the deed was in the possession of the only party who could claim a beneficial interest under it, and was produced on notice, and we think it should have gone to the jury without further proof, to be considered by them in making up their verdict on the issue joined.

It is objected that there was no proof offered of the deed from the defendant Keyser to McVoy, Puig & Mir, and of their acceptance of the same, which deed was the consideration for the deed of indemnity by these parties to the defendant.

The paper writing executed by Alexander McVoy, M. Puig and Roman Mir, purporting to be a deed of indemnity to Samuel C. Keyser to save him harmless against any claims or demands arising out of the copartnership of Keyser, McVoy & Co. and A. McVoy & Co., recites: that the said Samuel C. Keyser had, by deed bearing even date with the deed of indemnity, sold all his right, title and interest in said firms, and this recital is evidence of the facts therein recited, and rendered it unnecessary to produce and prove the deed from Keyser to those parties.

The general rule of law is that the recital of one deed in another is evidence of the fact therein recited, and supercedes the necessity of introducing any other evidence to establish it. Carver vs. Jackson, 4 Peters' S. Ct. Rep., 83 ; Crane vs. Lessees of Morris et al., 6 Peters', 611, 612; 9 Cowen's Rep., 86.

The second error assigned is, that the court below erred in excluding the evidence of Gholson from the consideration of the jury. From the bill of exceptions taken on the trial, it appears that the witness Gholson was recalled by consent of the Judge, and when placed on the witness stand stated that

he heard the defendant say he had a writing of indemnity against this note, (meaning the note sued on,) and that he (defendant) would show it to plaintiff's attorney, or leave it with Wm. J. Keyser. The witness stated further, that he heard only a part of the conversation.

It does not appear from the bill of exceptions that the witness was interrogated as to the fact whether there was any farther conversation, and if it related to the subject matter of the deed of indemnity; indeed that there was any further conversation can only be inferred from the statement of the witness, "*that he only heard a part of the conversation.*"

On the subject of admissions, it may be laid down as a first principle that the whole of the statement *containing the admission* is to be received together. 1 Phil. on Ev., 340.

In the Queen's case, 2 Brod. & Bing., 121, Abbott, C. J., in delivering the opinion of the Judges, said, "the conversations of a party to the suit, relative to the subject matter of the suit, are, in themselves, evidence against him in the suit, and if counsel chooses to ask a witness as to anything which may have been said by an adverse party, the counsel for that party has a right to lay before the court the whole that was said by his client in the same conversation, not only so much as may explain or qualify the matter introduced by the previous examination, but even matter not properly connected with the part introduced upon the previous examination, *provided only*, that it relate to the subject matter of the suit, because it would not be just to take part of a conversation as evidence against a party without giving to the party at the same time the benefit of the entire residue of what he said on the occasion."

It will be seen from these authorities that the whole of the statement containing the admission is to be received, and the only limitation to receiving in evidence the statements or admissions of parties to the suit is, that they must

relate to the subject matter of the suit. The true interpretation of this rule is, that all of the statement *heard* by the witness in relation to the subject matter of the suit shall be given to the jury; if there was further conversation not heard by the witness, it would be impossible for him to say that it was in relation to the subject matter of the suit, and unless it was it could not be received. The witness must state all he *heard*, and having done this his evidence is to be received for what it is worth. It is the *whole* of the statement so far as his knowledge extends.

If a witness testifies to an admission made by a party to a suit, but says " *he only heard a part of the conversation,*" the court will not, in the absence of proof, infer that there was a further conversation relating to the subject matter of the suit, but will allow the statement of the witness to go to the jury, to be considered by them in making up their verdict.

In the case under consideration, we are unable to see from the bill of exceptions that there was any other or further statement made by the defendant, at the time mentioned by the witness Gholson, that related to the subject matter of the suit. He says he heard only a part of the conversation. If there was further conversation, which does not clearly appear, we are left to conjecture as to its purport and character, and have no evidence that it related to the subject matter involved in this suit.

The well established legal rule on the subject of admissions is, if a part of a conversation is given in evidence against a party as an admission, he is entitled to have the whole conversation repeated, as well that which makes for him as that which is against him, provided it relates to the subject matter of the suit.

This rule proceeds upon the supposition that there may be other conversation heard by the witness, which he has not disclosed; and also as a direction to the court before

Williams vs. Keyser—Opinion of Court.

whom the cause is tried, that the whole of the conversation that relates to the subject matter of the suit shall go to the jury.

What the witness *hears* of a conversation in relation to the subject matter of a suit *is the whole of the conversation,* so far as his testimony is concerned, and if there was a conversation with other persons at the same time, in relation to the subject matter of the suit and explanatory of that heard by the witness and not heard by the witness, it is incumbent on the party objecting to show what it was.

In the present case, what the witness heard was the *whole* of the conversation, so far as his testimony is concerned, and if there was a further conversation, it is incumbent on the defendant to establish its character, and this may be received in explanation of the testimony of the witness.

So far as can be seen from the record, the whole of the conversation was given in evidence ; for if the witness Gholson did not hear any more of the conversation, he could not depose there was any in relation to the subject matter of the suit, and any other would be inadmissible as evidence.

In the case of Collett vs. Lord Keith, 4 Esp. Rep., 212, it was held that testimony given in court, admitting a particular fact, may be used as an admission of the fact, though the person examined was prevented from entering into an explanation of the circumstances under which the fact took place, because it was irrelevant to the matter in issue upon the former occasion. Where a person claims a beneficial interest under a written instrument to which he is not a party, not having signed it, his admissions as to the purpose for which it was executed is evidence against him, and may be used in a suit against him without first proving its execution by those who have signed it. If the object of the examination of Gholson had been to prove the contents of the paper writing, his testimony could not be received, for the contents of every written paper are, according to the ordinary and

well established rules of evidence, to be proved by the paper itself, and that alone, if the paper be in existence.    2 Brod. and Bing., 287.

The bill of exceptions show, that Gholson was examined to prove by the admissions of the defendant the existence of the deed of indemnity, and that the defendant claimed a beneficial interest under it.    What that interest is must be established by the deed itself when the question arises.    The object for which his testimony was offered is proper and legal, and his evidence should have been received by the court as tending to prove the issue joined.

Upon the principles laid down in this opinion, we think the exclusion of the deed of indemnity from going to the jury without proof of its execution, and the exclusion of the evidence of the witness Gholson, as to what he heard the defendant say in relation to said deed of indemnity, was erroneous, and consequently the plaintiff should have another opportunity of submitting that evidence to the consideration of a jury.

The judgment of the court below is reversed with costs, and the cause remanded to the court below to be proceeded in in accordance with this opinion, and with instructions to award a *venire facias de novo*.