## J. B. BROWN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Parties are not permitted in an appellate court to avail themselves of objections to questions propounded to witnesses in the trial court, upon grounds not mentioned in the objections interposed to such questions in the trial court.

2. A conviction for murder may be had upon the voluntary extra judicial confession of the accused that he committed the crime, where the corpus delicti is proven by other credible evidence, and the jury believe that such confession was made by the accused and that it is true.

3. The stenographer's report of testimony filed by him in the trial court forms no part of the record for the appel-

Brown v. The State of Florida—Opinion of Court.

ate court upon writ of error, and if copied into the transcript the cost of same will not be taxed against the State or county in the appellate court, in criminal cases.

4. Evidence examined and found sufficient to support the verdict.

Writ of Error to the Circuit Court for Putnam County.

The facts of the case are stated in the opinion of the court.

*Geo. P. Fowler* (with whom was John E. Marshall on the brief), for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

Carter, J.

Plaintiff in error at the Fall term, 1901, of the Circuit Court of Putnam county, was indicted for, and tried and convicted of, murder in the first degree, and from the death sentence imposed sued out this writ of error.

The defendant was a witness in his own behalf, and on cross examination admitted that he was examined as a witness at the coroner's inquest held over the body of Harry E. Wesson, the deceased. He was asked if certain stated questions were not propounded to him at that time, and if he did not answer them in certain stated language, which he answered in the negative. Miss Grace E. Rep Logle, the stenographer who took the testimony at the coroner's inquest, was offered as a witness by the State, and the State also offered the testimony of the defendant given at that time which had been written out in full, and

to which defendant had appended his signature, for the purpose of contradicting, the testimony of defendant given at the trial. Defendant claiming that the written report of his testimony was inaccurate, and there being some evidence tending to show that he signed it under a misapprehension, the court struck it out and also the testimony of Miss Rep Logle based upon the written report, but ruled that she might be examined by the State with respect to such matters relating to defendant's testimony at the coroner's inquest as she might remember, independently of the written report of the testimony. Thereupon the State propounded to her certain questions which she answered over defendant's objection. The State then propounded to her four questions, in each asking if certain questions, stated in full, were not propounded to defendant as a witness at the coroner's inquest, and if he did not give a certain answer, stating it. The witness answered the first question "yes sir, I heard that question and answer given," and the other three, "yes sir." Defendant objected to each of these last questions propounded to Miss Rep Logle, "because the attorney was reading and answering them from an imperfect record." The objections were overruled and defendant's exceptions noted. No other exceptions were taken to any evidence introduced, and no objection was interposed to the questions above referred to except the one stated. An assignment of error is based upon the exceptions above referred to. There is nothing in the bill of exceptions which shows that the attorney was reading and answering the questions from an imperfect record, or indeed from any written memorandum at all, as contended by the objection. For aught that appears, the attorney was repeating the questions propounded to, and answers of, Brown while being

examined as a witness at the coroner's inquest, from memory. As there is nothing to show that the ground of objection interposed by defendant was in fact true, this assignment of error must be overruled. It is argued in this connection what the questions were leading, and therefore improper, but that objection was not interposed in the Circuit Court, and can not be first taken in an appellate court. Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792.

The defendant moved for a new trial upon grounds questioning the sufficiency of the evidence to support the verdict, and upon the exception taken to the ruling denying this motion another assignment of error is taken. The court has carefully considered the evidence and finds that under the well-settled rules of law, the ruling denying the motion for a new trial must be affirmed. There is ample testimony to prove the *corpus delicti;* that is, that the deceased Harry E. Wesson came to his death by the criminal agency of another. The dead body was found and identified and the proof shows that deceased came to his death from a pistol shot wound, by the hand of another. There is very little testimony to connect the defendant with the crime, aside from the extra judicial confession, but as the *corpus delicti,* was proven by other evidence, this confession of the defendant, if believed by the jury to have been made and to be true, is sufficient to authorize his conviction. Gantling v. State, 41 Fla. 587, 26 South. Rep. 737. The confession attempted to be proven in evidence is full and complete; the jury evidently believed that defendant made it, and that it was true; they have acted upon it by finding the defendant guilty, and the verdict has been approved by the Circuit Judge. Under these circumstances an appellate court

will not interfere with the verdict unless it can see that the jury acted from improper motives or influences in reaching it. Such does not appear to be the case here, and this assignment of error must also be overruled. This disposes of the only questions presented.

We find that the stenographer's report of the testimony, consisting of one hundred and ten type-written pages, is incorporated in the transcript. The testimony must be and is in this case evidenced by bill of exceptions. This report, therefore, has no proper place in the transcript for this court, and the court will exclude the cost of this matter in taxing the costs of this case. Tarrance v. State, 43 Fla. 446, 30 South. Rep. 685; Mitchell v. State, 43 Fla. 584, 31 South. Rep. 242.

The judgment of the Circuit Court is affirmed.