CHARLES H. WEST, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. When a map is offered in evidence and it is found by the
court to be a true representation of a subject about
which testimony is being given, it is admissible to be
considered by the jury not as independent testimony,
but in connection with other evidence, to enable the jury
to understand and apply such evidence.

2. The testimony of a competent witness as to the difference
in the sound of pistols of different calibers and as to
which of several pistol shots which he heard sounded to
him to' be the louder, is admissible, the credibility or
probative value of the testimony being for the determi-
. nation of the jury.

3. Evidence of self-serving declarations and conduct, such as
statements and conduct of the defendant in his own favor,
when they are not a part of the *res gestae,* or when they
form no part of conversations or conduct introduced by
the prosecution, should not as a rule be admitted in a
criminal prosecution, as it is liable to mislead or confuse
the jury, and for the reason that the admission of such
evidence would give an opportunity to fabricate testimony
for the occasion.

4. In a prosecution for murder a charge which states to the
jury that if they find from the evidence certain facts as to
threats and demonstrations by the deceased and adds
"and before such acts and demonstrations on the part of
the deceased the defendant did not slap or kick at de-
ceased, then the defendant is not deprived of the plea of
self-defense, if such plea is otherwise sustained by the
evidence," is erroneous in that it in effect instructs the
jury that the defendant is "deprived of the plea of self-
defense" if before the threatening acts and demonstra-
tions on the part of deceased the defendant slapped or

kicked deceased, without reference to whether or not such slapping or kicking was justified or lawful.

5. If the word "having" is omitted from the following charge: "If you find from the evidence in this case that the defendant W. was the aggressor in a personal difficulty with R. in which difficulty the said R. lost his life, and having brought on the difficulty with a premeditated design to effect the death of the said R. the defendant W. cannot avail himself of the plea of self-defense;" it will not be subject to the criticism that it invades the province of the jury by assuming it to be true that the defendant brought on the difficulty with a premeditated design to effect the death of R. when such fact is not conceded in the evidence.

6. While charges given or refused may be reviewed here when properly presented with exceptions duly noted under the statute (sections 1089, 1090, 1091, Revised Statutes of 1892, sections 1497, 1498 and 1499, General Statutes of 1906) or in the ordinary bill of exceptions, it is not necessary to present them in both ways. Where the transcript contains a large volume of irrelevant and unnecessary matter costs may be visited upon the parties who unnecessarily incumber the transcript brought here on writ of error.

This case was decided by Division A.

Writ of Error to the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the Court.

*W. F. Himes* and *J. T. McCollum,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

WHITFIELD, J.: The plaintiff in error was indicted in the circuit court for Sumter county for murder and convicted of manslaughter. He was sentenced to five years' imprisonment in the State penitentiary. Writ of error was taken, and sixty-eight errors are assigned. Only those deemed essential to a proper disposition of the case will be considered.

At the trial a map purporting to give the location of objects at and near the scene of the homicide was admitted in evidence over the objection of the defendant that it was not shown to be a correct and true map of the size, location and relative positions of the objects shown on it. The court denied a motion to strike the map from the evidence, and also a motion to instruct the jury that they may consider the map in connection with the testimony of any witness; that they were not bound to take the map as absolutely correct, but that witnesses may explain their testimony by it. Exceptions were taken to all these rulings and errors are assigned thereon. The court in making its rulings said: "I want to say to the jury, they heard the testimony of the witness as to the correctness of the map; they can give it such credit as they think it is entitled to."

In the case of Adams v. State, 28 Fla. 511, text 538, 10 South. Rep. 106, this court said: "A map, plan or picture, whether made by the hand of man or photography, if verified as a true representation of the subject about which testimony is offered, is admissible in evidence to assist the jury in understanding the case. They are frequently formally admitted in evidence, and in so far as they are shown to be correct, are proper for the consideration of the jury, not as independent testimony, but in connection with other evidence, to enable the jury to

understand and apply such evidence.  *  *  *  Maps or diagrams, shown to be correct representations of physical objects about which testimony is given, can be exhibited before the jury, and witnesses will be permitted to use them in explaining their evidence."

If the map in this case was found by the court to be correct the court should have instructed the jury that the map could be considered by them, not as independent testimony, but in connection with other evidence, to enable the jury to understand and apply such evidence. The correctness of the map should be determined by the court in the first instance. Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611; Rawlins v. State, 40 Fla. 155, 24 South. Rep. 65; Hisler v. State, 52 Fla. 30, 42 South. Rep. 692; Florida Southern Ry. Co. v. Parsons, 33 Fla. 631, 15 South. Rep. 338.

The testimony showed that the defendant and the deceased used pistols at the homicide about six o'clock in the morning; that the deceased shot a 32-caliber pistol and the defendant shot two pistols of 38-caliber. A witness for the state testified that he was a quarter of a mile away from the place of the homicide when it occurred; that he had handled a good many revolvers; that he had heard pistols discharged frequently for 25 or 30 years and had shot many himself; that he heard the discharge of pistols about the time the homicide occurred; that he heard no other discharge of pistols there that morning. The witness was then asked the following questions, which were objected to by the defendant on the grounds that they were immaterial and irrelevant and call for the opinion of the witness, and the witness had not qualified as an expert, and the objections being overruled exceptions were taken to the ruling: "Was the

discharge of the pistol shots at the shingle mill that morning of the same sound?" "What was the difference in the sound?" "Which report or reports did you hear first?" These questions called for statements of fact or of the effect of sound on the senses of the witness, and not for the opinion of the witness. The questions were not inadmissible on the grounds stated and the objections to them were, therefore, properly overruled; the credibility or probative value of the evidence was for the jury.

Numerous errors are assigned on the rejection of evidence as to statements made by and conduct of the defendant prior to the day of the homicide, indicating his purpose and desire to leave the place at which he and the deceased were employed, in order to avoid a difficulty with the deceased. Such of these declarations as were not a part of the *res gestae* or were not a part of the conversations put in evidence by the prosecution, were properly rejected as being self-serving declarations and conduct under the rule of evidence excluding all such declarations because of the opportunity thereby offered to make testimony in contemplation of the difficulty, and because of their tendency to mislead and confuse the jury. Evidence of self-serving declarations and conduct, such as statements and conduct of the defendant in his own favor, when they are not a part of the *res gestae,* or when they form no part of conversations or conduct introduced by the prosecution, should not as a rule be admitted in a criminal prosecution, as it is liable to mislead or confuse the jury, and for the reason that the admission of such evidence would give an opportunity to fabricate testimony for the occasion. Abbott's Trial Brief, Criminal Causes (2nd ed.) 471-2; 2 Bouvier's Law Dictionary, Rawle's

6—S C

Revision, Self Regarding Evidence.  See Mills v. Joiner,
.20 Fla. 479; Sullivan v. McMillan, 26 Fla. 543, text 585,
·8 South. Rep. 450; Fields v. State, 46 Fla. 84, text 91, 35 ·
.South. Rep. 185; State v. Howard, 82 N. C. 623; 2 Cyc.
426, and authorities cited; 16 Cyc. 1202; 9 Am. & Eng.
Ency. Law (2nd ed.) 5.

Exceptions were taken to, and errors are assigned on,
the giving of the following charge: "Threats alone do
not justify the taking of life.  They are to be considered
by you in connection with all the other evidence in the
case in order to determine who was the aggressor in the
personal difficulty resulting in the killing of the deceased;
and if you find from the evidence in the case that the
deceased had made threats against the defendant, and
these threats were known to the defendant, and you
further find that the deceased had followed the defend-
ant and stood in waiting for him, and upon their meeting
that the deceased was at that time making such demon-
strations as to induce the belief in the mind of a reason-
ably prudent and cautious man, under the same circum-
stances, that the threats were then about to be executed,
and that the defendant did so believe,´ and ·before such
acts and demonstrations on the part of the said Rucker
the defendant did not slap or kick at Rucker, then the
defendant is not deprived of the plea of self-defense, if
such plea is otherwise sustained by the evidence."  This
charge is erroneous in that it in effect instructs the jury
that the defendant is "deprived of the plea of self-defense"
if all the other facts are not found as therein hypothesized,
and also if before the threatening acts and demonstra-
tions on the part of Rucker the defendant slapped or
kicked at Rucker, without reference to whether or not
such slapping or kicking was justified .or lawful.   A

charge curing this defect was requested by the defendant and refused by the court to which an exception was taken.

The following charge given by the court was excepted to and is assigned as error: "If you find from the evidence in this case that the defendant Charles H. West. was the aggressor in a personal difficulty with Albert E. Rucker, in which difficulty the said Albert E. Rucker lost his life, and having brought on the difficulty with a premeditated design to effect the death of the said Albert E. Rucker, the defendant Charles H. West cannot avail himself of the plea of self-defense." If the word "having" is omitted from the charge it will not be subject to the criticism that it invades the province of the jury by assuming it to be true that the defendant brought on the difficulty with a premeditated design to effect the death of Rucker when such fact is not conceded in the evidence.

In this case the charges requested and refused as well as those given cover many pages. These charges appear in the bill of exceptions and are also unnecessarily copied into the transcript as they were signed and filed under the statute, Sections 1089, 1090, 1091, Revised Statutes of 1892, Sections 1497, 1498 and 1499, General Statutes of 1906. While charges may be reviewed here when properly presented under the statute or in the bill of exceptions, it is not necessary to present them in both ways. Savannah, F. & W. R. Co. v. Brink, 44 Fla. 713, 33 South. Rep. 245; Richardson v. State, 28 Fla. 349, 9 South. Rep. 704. The bill of exceptions also contains a large volume of irrelevant and unnecessary testimony. Costs may be visited upon parties who unnecessarily encumber the record. Brown v. State, 44 Fla. 28, 32 South. Rep. 107, and authorities cited.

As another trial is to be had no comment will be made on the evidence.

The judgment is reversed and a new trial is awarded.

SHACKLEFORD, C. J., and COCKRELL, J. concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.