EVERETT BENNETT, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed July 13, 1928.

Petition for rehearing denied October 5, 1928.

*J. L. Frazee* and *E. M. Johns,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—Everett Bennett was indicted for the murder of Lee Morgan, and was convicted of manslaughter.

The trial of the defendant occurred in December, 1927. A month before the defendant moved the court to be admitted to bail. The motion was denied and counsel assign that ruling as the fifth error committed. The trial of the defendant had not begun. If he desired bail it could have been obtained by a writ of *habeas corpus* if the proof was not evident and the presumption not great.

The preliminary application to be admitted to bail is not part of the trial. One may not wait until his case is called for trial and then apply for bail that he might be given thereby an opportunity personally to prepare his defense. A motion for continuance is the proper remedy and if grounds exist for it and the proper showing is made the court will grant the continuance during which bail may be secured by proceedings in *habeas corpus* if deemed expedient. There was no error in denying the motion.

There was a motion for a continuance and it was denied. That ruling is assigned as the sixth error.

The motion rests upon the ground that during a regular term of the court held in November, 1927, the cause on motion of the defendant was continued to the 12th day of December, 1927, and the court then adjourned. It is said that such order continued the cause for the term; that is to say until the next regular term, but that a special term of the court was called to begin on Friday, the 7th day of December, and on the 12th day of December the defendant was placed on trial. There was no error in overruling the motion. The court's statement as to what oc-

curred is somewhat different from the averments of the affidavit in that it appears that when the cause was continued in November, 1927, it was continued to a day certain: December 12, 1927. The record shows that on November 17, 1927, all causes and motions not otherwise disposed of were continued for the term.

Circuit judges are authorized to order extra and special terms of circuits court. Sec. 3056, Rev. Gen. Stats., 1920.

The contention that the order of continuance carried the case over and beyond the special term subsequently called and deprived the court of jurisdiction to try the indictment on which the defendant was held at the special term is apparently without any force. If that circumstance had the effect of putting the defendant in an awkward position or embarrassed him in his defense or otherwise deprived him of the opportunity of preparing his defense some such showing might have revealed an abuse of the court's discretion; but we find nothing in the motion, which is sworn to by the accused, to convince us that the court abused its discretion in denying the motion.

The record discloses that the crime was committed in November, 1926; the indictment in this case was returned on November 9, 1927; the first grand jury which convened after the commission of the offense failed to indict the defendant and he was released from custody, having been arrested for the commission of the crime; some time thereafter he was again arrested, charged with the offense, and was in confinement when the indictment was returned; he obtained a continuance for thirty days and was then required to go trial. He had ample opportunity therefore to prepare his defense.

The seventh assignment of error rests upon an order overruling the defendant's objection to Hon. D. E. Knight, acting as assistant prosecuting attorney in the cause. Counsel contends that Mr. Knight was disqualified. The

facts are that his son H. V. Knight is the State's attorney for the Twenty-Sixth Circuit; that when the defendant was arrested and charged with the commission of the crime persons interested in the accused sought the services of Mr. D. E. Knight as counsel for the defendant, but no satisfactory arrangement could be made with him. Mr. Knight, however, said that he visited the defendant in jail and discussed the matter of a fee with him but ascertained from him nothing concerning his defense and gave him no advice as counsel further than to advise him not to talk about the case or his defense. Other counsel were engaged, the Court appointing them to defend. When the trial came on Mr. D. E. Knight assisted in the prosecution.

Mr. Knight was not disqualified and there was no abuse of discretion in permitting him as assistant prosecuting attorney to participate in the trial. It is true that the point presented a delicate question and one which arising as it did under the circumstances as they existed might have suggested the propriety of withdrawal by Mr. Knight, but as he testified and as the Court found the fact to be that Mr. Knight had accepted no employment nor had any dealings with the accused by which the former acquired any knowledge of the defense or any facts bearing upon the crime charged he was not disqualified. See Thornton on Attorneys at Law, Sec. 700; State v. Lewis, 96 Iowa 286, 65 N. W. R. 295; Emerson v. State, 54 Tex. Crim. R. 628; 114 S. W. R. 834.

Too great nicety, however, cannot be observed by the profession in such matters because, as pointed out by the books, attorneys cannot ''become mere mercenaries who may desert the cause of those for whom they are enlisted and take service on the other side for no other reason than that their fees are not wholly paid''; nor should their privileges be used to rebuke one who seeks their services and fails

to employ them by volunteering their services to the other side in such spirit. However, nothing of this kind seems to have been done and the defendant was not embarrassed by the use of confidences reposed in the opposing counsel.

The ninth assignment of error rests upon an order denying the defendant's motion to disregard the testimony of the witness Edward Marr, as to a confession voluntarily made by the defendant as to the killing of Lee Morgan. The confession was extra judicial; it was voluntary and not superinduced by any influence brought to bear upon him; but it is contended that the proper "foundation was not laid for the statement and that it was incomplete."

The first part of the objection contains no merit. The cross examination developed that the accused called the witness to one side, made the complete bare statement to the witness without any explanation or any question on the part of the witness and that no conversation led up to it. If there was any doubt as to its voluntary character that testimony seemed to remove it. The statement was: "You know, I killed that fellow Lee Morgan up there the other night," and the witness said: "You did?" "Yes," replied the accused, "All I hate about the thing is I beat him up after I killed him. Beat him up after I shot and killed him. I beat him up. That's all I hate about it."

The witness then said the sheriff was approaching about that time. "I looked across the way to the left of the road and there was a car approaching and I says: 'There comes a car now,' and the conversation stopped. Nothing more was said about it."

Counsel contend that the confession was inadmissible because it was incomplete. We do not agree with counsel's deductions. The accused may have had something else in his mind which he wished to say but that is conjecture. His statement so far as it was made was complete. He did

not say anything else. He chose to leave the matter just where he finished it. It is not a case where part of a confession is admitted and the remainder of what was said at the time excluded. The defendant has the right to have all that he said at the time received in evidence if what he said is sought to be introduced at all; but a complete account of all that was said is not rendered inadmissible because the accused might have said something more but did not choose to do so. The rule as to admissions in general is that the whole of the statement containing the admission is to be received together. See Williams v. Keyser, 11 Fla. 234, 89 Am. Dec. 243; Thalheim v. State, 38 Fla. 169, 20 So. R. 938; Morey v. State, 72 Fla. 45, 72 So. R. 490.

The whole of the statement in this case was given to the jury. That the accused might have said something more but did not is immaterial.

Other errors assigned have been considered but we have found no error. The evidence was sufficient to support the verdict.

The judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.