PER CURIAM.
By information the appellant was charged with second degree murder and of the other crime mentioned below. At trial, a jury found her guilty of the lesser degree crime of third degree murder and of the crime of unlawful display of a firearm during the commission of a felony. The court adjudged the defendant guilty. On the firearm offense, sentence was suspended. On the third degree murder conviction, the defendant was sentenced to a three year prison term to be followed by three years probation.
On appeal, the defendant presents one question which was stated in appellant’s brief as follows:
“Whether the trial court erred in excluding a defense witness’ testimony concerning a statement made by the defendant where that statement was made contemporaneously with other statements of the defendant which had been admitted into evidence by the prosecution, and where the omitted statement was highly relevant to the defendant’s theory of self-defense.”
The appellant had killed her husband, by shooting him with a hand gun. Four bullets had struck him. In the formal statement made by the defendant to the police, which was revealed in evidence, after describing how the husband had beaten and kicked her before entering their house, the statement made by the defendant included the following:
“So, I laid down and David, he stay in 55, he came down and help me and then the lady stay around the corner, I don’t know what apartment, her name is Feenie Mae, she came around and helped David carry me back in the house, and then she got the baby. The baby was still hollering, so my husband, he went in and laid the gun on the dresser and I told him, ‘I’m gonna get you Burch, cause you kicked me and stomped me and called me like I was a dog’ and he said, ‘You worse than a dog, and if it weren’t for my baby I woulda done killed you.’
“So he went back in the back room and sit on the bed and I got the gun and went to shooting him. I was standing right there between the bedroom and the bathroom and the kitchen, and he went to crawl to me and I kept on shooting and he was hollering, ‘Oh, oh, oh.’
*464 “Then he turned around and crawled back in the bedroom and I couldn’t shoot no more cause it was empty. I carried the gun out there and just thro wed it and went to hollering. I said, T done killed him, I done killed him,’ so then everybody come running, so then Evelyn Burn or David, they called the ambulance and they came and I was still hollering.”
A witness for the defense, Finnie May Rogers, testified that following the shooting, while she was present at the scene, when the police were there talking with defendant, “She told the police that she and Burch were struggling over the gun.” The prosecutor objected on the ground that the statement was self-serving, hearsay evidence. The court sustained the objection and instructed the jury to disregard it. The State here concedes that-ruling was incorrect and that the excluded evidence was admissible. But the State contends it was harmless error because (1) in testimony at the trial, the defendant testified to the same effect, that she and her husband had struggled over the gun; (2) the defendant did not testify that the shooting was an accidental occurrence in the struggle over the gun; and (3) the evidence as to the shooting was such that if, in fact, there was at some time a struggle over the gun, the shooting did not occur in the course of such struggle.
The ruling of the trial court in that connection was incorrect. The defendant had the right to have all that she said at the time received in evidence. Bennett v. State, 96 Fla. 237, 118 So. 18, 19 (1928); Thalheim v. State, 38 Fla. 169, 20 So. 938, 947 (1896); even though self-serving, West v. State, 53 Fla. 77, 43 So. 445 (1907). However, we agree with the contention of the State that the exclusion of that testimony was harmless error. The harm in the original exclusion of such testimony was eliminated when that testimony was brought before the jury, as it was here by the defendant. Barton v. State, 72 Fla. 408, 73 So. 230 (1916); Denmark v. State, 95 Fla. 757, 116 So. 757 (1928); Branch v. State, 96 Fla. 307, 118 So. 13, 17 (1928); United States v. Ashley, 5th Cir. 1977, 555 F.2d 462. Moreover, as pointed out by the State, in the defendant’s testimony as well as in her earlier statement to the police, the defendant did not blame the shooting on a firing of the gun accidentally or otherwise in the course of a struggle over it. The gun was emptied. A full quota of shots was discharged, four of which struck the victim.
We hold that no miscarriage of justice resulted, for the reason that on consideration of the record there is an absence of reasonable possibility that the above-mentioned evidentiary ruling contributed to the conviction of the defendant. See Bennett v. State, 316 So.2d 41, 44 (Fla.1975).
Affirmed.