372 So.2d 215 (1979)
William F. ACKERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. KK-372.
District Court of Appeal of Florida, First District.
June 29, 1979.
Michael J. Minerva, Public Defender, and Thomas S. Keith, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
PER CURIAM.
AFFIRMED.
MELVIN, Acting C.J., and BOOTH, J., concur.
LARRY G. SMITH, specially concurs.
LARRY G. SMITH, Judge, specially concurring.
Defendant appeals his conviction and sentence for first degree murder. He seeks reversal contending that the trial court erred in sustaining the State's objection to certain questions propounded by defense counsel to a State's witness on cross-examination.
The witness, Ken Killian, who had known defendant for several years, testified that he received three or four telephone calls from defendant while defendant was awaiting trial in the case. He testified that defendant admitted to him in these phone conversations that he had hit the victim in the head with a club and an owl statue. On cross-examination, defense counsel asked Killian three questions concerning whether or not defendant told Killian who had done the stabbing. The State objected to the questions on the grounds that they called for self-serving declarations by defendant which were inadmissible as hearsay. The prosecuting attorney acknowledged to the court out of the presence of the jury that the witness, if permitted to answer, would have testified that defendant had stated in the conversations that Wendy Raduns was the one who did the stabbing. The trial court sustained the objections to the three questions.
I agree that it was error for the trial court to sustain objections to the questions.
Where the State calls a witness to prove an incriminating statement made by the accused in a conversation, the accused is entitled to have the remainder of the conversation admitted into evidence even though favorable to him. Burch v. State, 360 So.2d 462 (Fla. 3rd DCA 1978); Bennett v. State, 96 Fla. 237, 118 So. 18 (1928); Thalheim v. State, 38 Fla. 169, 20 So. 938 (1896); West v. State, 53 Fla. 77, 43 So. 445 (1907).
Since the right to cross-examination stems from the constitutional right of the accused to be confronted by his accusers, Coco v. State, 62 So.2d 892 (Fla. 1953), improper curtailment of cross-examination constitutes constitutional error. Such error may not be regarded as harmless if there is a reasonable possibility that the erroneous evidentiary ruling may have contributed to the defendant's conviction or if the error *216 may not be found harmless beyond a reasonable doubt or if prejudice is demonstrated. Nowlin v. State, 346 So.2d 1020, 1024 (Fla. 1977) citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Coxwell v. State, 361 So.2d 148, 152 (Fla. 1978).
Accordingly, it is necessary to consider the entire evidence in the case to determine whether the harmless error doctrine applies. Briefly, the evidence discloses that the defendant and the victim were long-time friends and had, in fact, a homosexual relationship. Wendy Raduns, an alleged accomplice, who had plead guilty as an accessory after the fact, testified at defendant's trial that she and defendant went to the victim's apartment on the evening of January 22 where the victim was beaten and stabbed by the defendant after he was forced to write out a check payable to defendant. The next day, she testified defendant cashed the check, they bought two coats, defendant bought bus tickets for the two of them, and they departed for New York City. Upon arrival, they were arrested and various items of property in their joint possession were taken from them, which at the trial were identified as belonging to the victim and admitted into evidence. Defendant's fingerprints were identified by a fingerprint expert as the ones found on various envelopes or papers in the victim's apartment.
The pathologist who performed the autopsy upon the victim testified that the puncture type stab wound to the chest of the victim was the cause of death. He could not determine with certainty the sequence of the blows to the head and the stab wounds, although he testified that if the head wounds occurred first, they had not been lethal because the amount of blood found in the chest caused by the stab wound indicated that at the time of the chest wound the heart was still pumping. The doctor testified that the head wounds, if not accompanied by the wound to the chest, would probably not have been lethal. However, on redirect examination, he testified that the injuries to the skull could have been lethal if they had been unattended and if unaccompanied by the stab wound but since the stab to the chest area was the cause of death, this possibility was rendered moot.
Finally, pursuant to a written pretrial stipulation between the State and defendant, the results of a polygraph examination and the opinions of the polygraph examiner were introduced into evidence. In the opinion of the examiner, the defendant gave responses "indicative of deception" when he answered "no" to questions concerning whether he stabbed the victim.
Viewing the evidence as a whole, I conclude that there is no reasonable possibility that the error contributed to the defendant's conviction. If the jury had been permitted to consider Killian's testimony that Wendy Raduns did the stabbing, and if they believed the truth of that accusation, they still would have been compelled to believe defendant's admission to Killian that he struck the blows to the head of the victim. That admission, considered in connection with the evidence of cashing the check, speedy departure from the locality, and possession of items from the victim's apartment formed a well connected chain of direct and circumstantial evidence from which a reasonable jury could draw no reasonable conclusion except that defendant participated in a robbery of the victim and forceable assault upon the victim from which his death ensued. Although the omitted statements might well have made a difference in determining the credibility of the State's prime witness, Wendy Raduns, I think there is no reasonable possibility that if the jury had concluded that Wendy Raduns, not defendant, inflicted the fatal stab wound, it would not also have found defendant guilty of murder in the first degree under the felony  murder statute, Section 782.04(1)(a), Florida Statutes.
I have considered defendant's remaining point and find it to be without merit.
For the foregoing reasons, I concur in the affirmance of defendant's conviction.