ON MOTION FOR REHEARING
We deny the motion for rehearing, but write to distinguish a recent Florida Supreme Court case and to further discuss the application of section 90.108(1), Florida Statutes (2015).
One day after our panel opinion issued, the Florida Supreme Court released Tundidor v. State, No. SC14-2276, 221 So.3d 587, 2017 WL 1506854 (Fla. Apr. 27, 2017), where it approved a trial court’s ruling allowing the introduction of a witness’s deposition testimony contemporaneously with that same witness’s testimony from an earlier, separate Arthur hearing. The court explained the rule of completeness “is not limited to situations where statements are taken out of context,” and that the plain language of section 90.108 allows a party to seek the introduction of other statements when “fairness” requires that those statements be considered contemporaneously with other statements. Id. at 599, 2017 WL 1506854 at *7.
Appellant relies on Tundidor to argue that his post-arrest exculpatory statement to a detective should have been introduced contemporaneously with the controlled call between appellant and the victim.
We reaffirm our holding that because appellant’s post-arrest statement neither explained nor clarified the controlled call, the introduction of the controlled call, when viewed in isolation, did not create a misleading impression. Fairness thus did not require the contemporaneous introduction of the post-arrest exculpatory statement.
Florida’s rule of completeness, originally enacted in 1976, provides:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.
§ 90.108(1), Fla. Stat. (2015). The federal rule is similar. See Fed. R. Evid. 106 (“If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.”).[1]
Under the section 90.108(1) rule of completeness, “once a party ‘opens the door’ by introducing part of a statement, the opposing party is entitled to contemporaneously bring out the remainder of the statement in the interest of fairness.” Larzelere v. State, 676 So.2d 394, 401-02 (Fla. 1996).
The origins of the rule go back to the sixteenth century and the focus was on different parts of the same writing or statement. See Barbara E. Bergman & *274 Nancy Hollander, Wharton’s Criminal Evidence § 4:10 (15th ed. 1997). Lord Chief Justice Charles Abbott recognized the danger in admitting only a portion of a conversation in evidence, explaining “one part taken by itself may bear a very different construction and have a very different tendency to what would be produced if the whole were heard, for one part of a conversation will frequently serve to qualify and to explain the other.” Id. (quoting Thomson v. Austen, 2 Dowl. & R. 358, 361 (1823)).
A “classic example of the possibilities of distortion” when a portion of a statement is omitted is where one mentions only the last phrase of the bible quote, “The fool hath said in his heart, there is no God.” McCormick on Evidence § 56 (Kenneth S. Broun, et al. eds., -6th ed. 2006) (citing 7 John H. Wigmore, Evidence in Trials at Common Law § 2094 (Chadbourn rev. 1978)). Quoting the Bible as saying “there is no God,” would “be a misleading half-truth because it divorces the quotation from its context.” Id. Thus, the purpose of the rule of completeness “is to ensure that a misleading impression created by taking matters out of context is corrected on the spot.” Bergman & Hollander, supra.
This purpose was reflected in the common law rule of completeness which provided that,
“the opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance.” 7 J. Wigmore, Evidence in Trials at Common Law § 2113, p. 653 (Chadbourn rev. 1978); see also Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988) (quoting this passage while discussing the rule of completeness). In addition to ensuring that a court has an accurate representation of a declarant’s statement, the rule guards against “the danger that an out-of-context statement may create such prejudice that it is impossible to repair by a subsequent presentation of additional material.” Beech Aircraft Corp., 488 U.S. at 172 n.14, 109 S.Ct. 439.
United States v. Burns, 162 F.3d 840, 852-53 (5th Cir. 1998).
As early as 1896, the Florida Supreme Court applied the common law rule to the situation where the state offers “evidence of inculpatory statements made by the defendant, and the defendant ... seeks to show other exculpatory statements, or statements deemed exculpatory, made in the same conversation, in reference to the same subject-matter.” Thalheim v. State, 38 Fla. 169, 20 So. 938, 947 (1896) (emphasis added). The court held that in such cases “the defendant is entitled to have before the jury all that was said upon the subject upon the particular occasion, whether prejudicial or beneficial to him.” Id.; see also Bennett v. State, 96 Fla. 237, 118 So. 18, 19 (1928) (“The rule as to admissions in general is that the whole of the statement containing the admission is to be received together.”).
“Fairness is clearly the focus” of section 90.108(1). Jordan v. State, 694 So.2d 708, 712 (Fla. 1997); see also Larzelere, 676 So.2d at 401-02 (explaining when one party introduces “part of a statement, the opposing party is entitled to contemporaneously bring out the remainder of the statement in the interest of fairness.”) (emphasis added); Long v. State, 610 So.2d 1276, 1280 (Fla. 1992) (“It is well established that, when the State offers in evidence a part of a confession or admission, the accused, in the interest of fairness, is entitled to bring out the remainder of that confession or admission.”) (empha *275 sis added); Eberhardt v. State, 550 So.2d 102, 105 (Fla. 1st DCA 1989), rev. den., 560 So.2d 234 (Fla. 1990) (explaining where the state admitted only portions of a defendant’s conversation with police, the rule allowed “admission of the balance of the conversation as well as other related conversations that in fairness are necessary for the jury to accurately perceive the whole context of what has transpired between the two.”) (emphasis added).
Because it is not limited to different parts of the same conversation or writing, section 90.108(1) is broader than the common law rule; the statute allows the adverse party to require the introduction of “any other writing or recorded statement that in fairness ought to be considered contemporaneously.” § 90.108(1) (emphasis added). “Under a plain reading of the statute, parties may seek the introduction of other statements when those statements ‘in fairness ought to be considered contemporaneously’ with the introduction of the partial statement.” Larzelere, 676 So.2d at 402 (quoting § 90.801(1)). However, the statute has not abandoned the common law notion that “fairness” requires the contemporaneous introduction of an “other” statement only if it is required to give a “complete understanding of the total tenor and effect” of the statement introduced in evidence. 7 Wigmore, supra.
Here, the state introduced a controlled call between appellant and the victim. Appellant argues that fairness compelled the contemporaneous introduction of his post-arrest statement to police made later the same day the controlled call was made, during which he repeatedly denied sexual contact with the victim. Appellant contends the admission of just the controlled call, during which he did not explicitly deny sexual contact with the victim, misled the jury because it failed to tell the whole story.
In asserting that the plain language of section 90.801 and fairness required the contemporaneous introduction of his post-arrest statement, appellant ignores a significant limitation to the rule. “The opposing party is entitled to have a portion of the writing [or other writing] introduced only insofar as it tends to explain or shed light upon the part already admitted.” Charles W. Ehrhardt, Florida Evidence § 108.1 (2006 ed.) (emphasis added). In Correll v. State, 523 So.2d 562, 566 (Fla. 1988), the court held that although “a defendant’s statement should be introduced into evidence in its entirety,” a court does not err by omitting a portion of the defendant’s statement if it is irrelevant. In the context of two separate statements, even if they refer “generally to the same events,” a court does not err in excluding the later statement if it does “nothing to explain the earlier” statement. Christopher v. State, 583 So.2d 642, 646 (Fla. 1991). The right to bring out the remainder of a statement or another statement under the rule of completeness is thus “not absolute.” Larzelere, 676 So.2d at 402.
This limitation is consistent with the purpose of the rule, which is “to avoid the potential for creating misleading impressions by taking statements out of context.” Id. at 401. For example, “[i]f one letter in a continuing correspondence between two individuals is introduced, that letter by itself may be misleading.” Ehrhardt, supra. Section 90.108(1) would allow the entire correspondence contemporaneously admissible “in order to ensure that the jury fairly perceives what has occurred.” Id. “The included material literally ‘completes’ that which the proponent introduced.” Bergman & Hollander, supra.
In Tundidor, because a particular witness was unavailable for trial, the defendant offered her five-page-long testimony *276 from the defendant’s Arthur[2] hearing. No. SC14-2276, at 599-600, 2017 WL 1506854 at *7. In response, the state sought to introduce the witness’s deposition testimony, “arguing that the deposition would give the jury a more complete picture as to her testimony and that the deposition-followed up on issues addressed in her Arthur hearing testimony.” Id. The trial court admits ted both the hearing and deposition testimony. Id. The supreme court. affirmed, explaining that because the Arthur hearing testimony was only five pages long, it might have provided “an incomplete impression” to the jury regarding the witness’s relationship with the defendant’s son. Id. For example, at the Arthur hearing, the witness merely mentioned she had a falling out with the defendant’s , son, but at .the deposition she added clarity to the circumstances of- that falling out. Id. “Given- the relation between the Arthur hearing and deposition testimonies,” the court held, there was no abuse of discretion in admitting the deposition testimony. Id.
In Tundidor, without the introduction of the witness’s deposition testimony clarifying the circumstances of her falling out with the defendant’s son, the jury may not have fairly perceived what occurred between them. Thus, fairness required the contemporaneous introduction of the deposition testimony because it clarified, or explained, the witness’s earlier testimony from the Arthur hearing.
Here, appellant’s post-arrest statement to police neither explained nor clarified the controlled call with the, victim. “The .jury could not have been misled as to the content of [the controlled call] by the exclusion of the [post-arrest statement].” Christopher, 583 So.2d at 646.
We noted in our original opinion that section 90.108 has never been given the broad application urged by appellant. This makes sense- because a defendant has different-interests whén-interacting with a victim of his sexual assault than when confronting a detective after his arrest. While the witness’s interest -in Tundidor remained the same from the Arthur hearing to the deposition, appellant’s interest and motivation changed dramatically once he was arrested and questioned by police. Appellant did not vehemently deny a sexual l-elationship with the victim during the controlled call because his interest was to keep her from going to the police, or, perhaps, to continue the illicit relationship. Given the different interests triggered by his arrest, appellant’s post-arrest .exculpatory statement did not complete his earlier statements made to the victim during the controlled call.- Thus, fairness did not require the contemporaneous introduction of appellant’s post-arrest statement to police with the controlled call.

The motion for rehearing is denied.

. Some federal courts have held that under Rule 106, ‘‘[e]xculpatoiy hearsay may not come in solely on the basis of completeness.” United States v. Shaver, 89 Fed.Appx. 529 (6th Cir. 2004). This limitation on Rule 106 has been criticized by other courts and commentators. See, e.g., United States v. Sutton, 801 F.2d 1346, 1368 n.16, 17 (D.C. Cir. 1986).

. State v. Arthur, 390 So.2d 717 (Fla. 1980).