## HENRY CHING v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1920.)

No. 3432.

1. **Criminal law ⬅︎1034, 1035(3)—Refusal of continuance and appointment of counsel for defendant not error.**

Compelling defendant to go to trial at the time previously fixed, of which he had been notified, and appointment of counsel to defend him, when he had discharged his original counsel, when trial proceeded without objection, *held* not prejudicial error.

2. **Witnesses ⬅︎277(1,7)—Defendant, as witness, may be recalled for any proper cross-examination.**

Where a defendant voluntarily testifies in his own behalf, he is subject to all proper cross-examination, and permitting his recall by the prosecution to inquire into a fact within the range of proper cross-examination is not error.

3. **Criminal law ⬅︎1056(1)—Instructions, not excepted to, not reviewable.**

Instructions to which no exceptions were taken are not subject to review.

4. **Criminal law ⬅︎1177—Refusal to postpone sentence not error.**

Refusal of the court, on return of the verdict, to postpone imposing sentence, *held* not reversible error, in the absence of showing of prejudice to defendant.

5. **Criminal law ⬅︎475—Expert evidence as to opium held admissible.**

Admission of testimony of an internal revenue agent that opium found by him in defendant's room was in the form of a "card of opium," in which form it was customarily sold for smoking, *held* within the discretion of the court, on trial of defendant for unlawfully concealing smoking opium.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Criminal prosecution by the United States against Henry Ching. Judgment of conviction, and defendant brings error. Affirmed.

Frank E. Dominguez and Milton M. Cohen, both of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson, Asst. U. S. Atty., both of Los Angeles, Cal.

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

HUNT, Circuit Judge. Henry Ching was convicted under two counts of an indictment which charged him with knowingly and feloniously concealing and facilitating the concealment of opium prepared for smoking; the opium having been imported into the United States from a foreign country, the defendant knowing that the opium prepared for smoking had been imported into the United States contrary to law. The second count charged that the defendant knowingly and feloniously did sell, dispense, and distribute morphine sulphate, cocaine hydrochloride, and heroin in certain bottles and cards, which were not the original stamped packages containing the morphine sulphate, cocaine hydrochloride, and heroin; the bottles and cards not being stamped as required by law, and the drugs not having been obtained from a registered dealer in pursuance of a prescription written for legitimate medical uses, as provided by the act of Congress approved February 24, 1919 (40 Stat. 1130), amending an act of Congress approved December 17, 1914, known as the Harrison Narcotic Law (Comp. St. §§ 6287g–6287q).

The first count was drawn under the act approved January 17, 1914 (38 Stat. p. 275 [Comp. St. §§ 8800–8801f), which provides that, if any person shall fraudulently or knowingly import into the United States any opium or any preparation or derivative thereof contrary to law, or shall receive, conceal, buy, sell or in any manner facilitate the transportation, concealment, or sale of such opium or preparation or derivative thereof after transportation, knowing the same to have been imported contrary to law, shall be fined or imprisoned as by the act provided. The statute also provides that, when upon the trial the defendant is shown to have or to have had possession of such opium or preparation, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury.

The second count is drawn under the act of Congress approved February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g), which, among other things, provides:

"It shall be unlawful for any person to purchase, sell, dispense or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package, and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession the same may be found; and the possession of any original stamped package containing any of the aforesaid drugs by any person who has not registered and paid special taxes as required by this section, shall be prima facie evidence of liability to such special tax."

That language is followed by certain provisions which make the act inapplicable to any person having in his possession any of the drugs inhibited which had been obtained from a registered dealer in pursuance of a prescription written for legitimate medical uses, issued by a physician, dentist, veterinary surgeon or other practitioner registered under the provisions of the act.

[1] It is contended that the court erred by compelling defendant over his objection to proceed to trial and in appointing an attorney to defend defendant. It appears that Ching, through Warren Williams, his counsel, had pleaded guilty, but at a later date the court declined to accept the plea of guilty which had theretofore been interposed, and ordered that a plea of not guilty as to both counts be interposed in behalf of defendant. On October 2, 1919, the case was called for trial; defendant and his counsel, W. J. Little, being present in open court. Mr. Little asked permission to withdraw from the case. The court denied the request, and thereupon appointed Mr. Little to act as attorney for the defendant, and thereupon, both parties having announced themselves as ready, the trial was proceeded with.

When the case was called, counsel for the government stated that he did not see the defendant in court, whereupon Mr. Williams, who had formerly appeared for the defendant, stated to the court that he had notified the defendant, who had notified him that Mr. Little had been employed by him to defend the case. Thereupon Mr. Little stated to the court that defendant had told him that he did not wish him to try the case. Mr. Williams then said that he had called the attention of the defendant to the matter, and that defendant had assured him he would be ready with counsel to proceed with the trial. At this point the defendant appeared in person and was ordered into the custody of the marshal. Thereupon the case was called, whereupon Mr. Little expressed his wish to withdraw, stating that he did not represent the defendant, and that defendant said he did not wish him to represent him. Thereupon the court asked defendant what he would like to do with the case. Defendant replied that he would like to have it postponed for two days. The court declined to continue the case, and appointed Mr. Little to defend Ching. No objection was made, and the trial proceeded.

We do not see that the action of the court was prejudicial to the rights of the defendant. He was notified that his case had been set for trial; he had ample time to employ such counsel as he wished, and when Mr. Little was appointed to defend him no objection was made.

[2] It is said that the court compelled defendant to take the stand and testify against himself. The defendant voluntarily testified in his own behalf. He said that he was in the herb business, and that he was treating a sick woman, a patient of his; that the herbs and the medicine which were found in his apartment were used for treating the sick. Upon cross-examination he was asked if he had not been arrested at previous times, and whether he had ever been convicted of a felony. The court directed that the records be produced, if it were desired to show that the defendant had pleaded guilty of dealing in narcotics. Thereupon counsel for defendant said:

"If you will state how many times he has pleaded guilty over here, I will stipulate to it. I don't know myself, but I will take your statement."

Counsel for the government said:

"Twice before, in the United States court."

The court, however, advised counsel to procure the record. The defense rested. Thereupon counsel for the government was permitted to introduce the record of convictions of the defendant. Counsel for defendant objected, whereupon the court permitted counsel for the prosecution to call the defendant to the stand and ask him if he was the person named in the cases referred to. Defendant said he was the same man who had pleaded guilty to an indictment for violation of the Harrison Narcotic Act. Inasmuch as the defendant testified in his own behalf, he became subject to all proper cross-examination, and clearly it was not error for the court in the exercise of its discretion to permit counsel for the government to recall him to inquire into a fact which was entirely within the range of cross-examination. Sawyer v. United States, 202 U. S. 150, 26 Sup. Ct. 575, 50 L. Ed. 972, 6 Ann. Cas. 269.

[3] The instructions are included in the transcript. But as no exceptions were reserved to the instructions, objections which are now urged against portions of the charge are not properly for review. Buessel v. United States, 258 Fed. 811, —— C. C. A. ——.

[4] It is said that the court erred in pronouncing sentence upon the defendant immediately upon the rendition of the verdict over the objection of the defendant. After the verdict was rendered, the court asked the desire of counsel as to sentence. Counsel for defendant said it would be well to let the matter go over until Monday. The court said he saw no reason why it should go over and thereupon pronounced sentence. Counsel for defendant made no objection and took no exception to the action of the court. In the absence of a showing of prejudice to the rights of defendant, the mere refusal of the court to postpone time for sentence was not reversible error.

[5] It is contended that the court erred in overruling the objection of defendant to certain questions propounded by the prosecution to a witness named Saunders, who testified to the finding of some opium in the room of the plaintiff in error. Saunders was an agent of the customs department of the United States, and testified that he was familiar with the investigation of opium cases, and that he found in the room of the plaintiff in error a card which bore a dab of some substance; that the form was that used in selling opium to roll a pill for a smoke; that it was called "a card of opium" and that the usual price charged for such a card was about $2. Inasmuch as the witness was accustomed to investigate "opium cases," the matter of permitting him to testify as to the form in which opium was prepared for sale was within the discretion of the court.

Plaintiff in error complains of the misconduct of the district attorney in cross-examination of the defendant as to alleged arrests at other times and for offenses other than the one for which defendant was then on trial. There were no exceptions to the ruling of the court upon objections offered by counsel for the defendant. Counsel for defendant stated that he would stipulate as to how many times

the defendant had pleaded guilty in the federal court. In view of the production of the record of prior convictions of defendant on trial, it would be a great strain to say that the rights of the defendant could have been prejudiced by questions as to how many times he had been arrested and convicted.

It is argued that the evidence was not sufficient to justify the verdict. The testimony was to the effect that opium, opium scales, heroin, milk sugar, morphine sulphate, cocaine hydrochloride, hypodermic needles, an opium pipe, and other things were found in the apartment which had been rented by Ching. The defendant had put spring locks upon the doors of his apartment, and there was evidence that the place was resorted to by persons who the police believed were "drug fiends."

A careful examination of the whole case fails to show that defendant was denied his full rights.

The judgment is affirmed.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes