# Gray v. Commonwealth.

(Decided June 9, 1933.)

E. PAUL DENUNZIO and CHARLES A. COMSTOCK for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

On July 6, 1932, Allen Gray shot and killed Lucy Simmons, and from a judgment imposing upon him a death sentence therefor he has appealed.

According to the defendant, he is 69 or 70 years of age, and the deceased was 27, and for about 3 years they had, without being married, lived together as man and wife. About the middle of May, 1932, she left him, and sold or removed the bulk of the furniture. His immediate efforts to locate her and the furniture were fruitless, but about July 1st she sent him word where she was and that he should come to see her. With this information he sought and found her at 1622 Walnut street, in the home of Gertha Davis, and, when he called, she invited him in. She was seated on the floor playing jacks with a child of Gertha Davis. He asked her about

his furniture, and she told him that if he would change his clothes she would go with him and show him where it was. He insisted that she go then, and he says she reached for a chair as if to hit him with it. He pulled his pistol, and she ran towards him with her arms up. He began shooting her, and inflicted some six wounds upon her. Gertha Davis, her child, and a George Mays, who were then in the house, ran out during the shooting. His victim also ran out of the house during the shooting, and fell and died in the yard. The defendant fled westward, and was pursued by Officer Miller, who was not in uniform, but who called to him that he was an officer, and that he should stop, whereupon he began shooting at the officer, and he and Miller exchanged some three or four shots, by some of which Miller was wounded. The patrol wagon appeared about that time, and the defendant surrendered to the officers in it.

For reversal, he insists the court erred in not awarding him a continuance, but he had made no motion therefor.

He says the court erred in admitting evidence of his shooting Miller, but, when it was offered, the court gave this admonition to the jury:

"The testimony as to the defendant shooting at the officer is admitted not as substantive evidence against the defendant except so far as it may tend to show a guilty conscience on his part and so far as it may tend to show an attempt to escape. We are not trying the defendant for shooting at the police officer, but trying him alone on the charge contained in the indictment, and what if any weight is to be given to the evidence as to his shooting at the police officer as tending to show a guilty conscience on his part is for you in your discretion as jurymen to judge. It is admitted for the same purpose as evidence would be admitted tending to show an attempt on the part of the defendant to escape arrest, and for no other purpose."

This evidence was admissible under the circumstances and for that purpose.

His next complaint is of the instruction upon self-defense. In this instruction and in apt language the court told the jury the defendant was to be excused for

the shooting of Lucy Simmons if at the time thereof he believed, and had reasonable grounds to believe, it was necessary in order to avert some great bodily harm to him, then real or to him reasonably apparent, at the hands of either Lucy Simmons or George Mays. He now insists the court erred in not including Gertha Davis as a source of such danger. There is nothing in the evidence to show Gertha Davis was then doing anything in any way calculated to imperil him; hence the instruction given was not erroneous.

The judgment is affirmed. Whole court sitting.