JOHN PHILLIPS v. STATE.

No. A-9775.    March 5, 1941.
(111 P. 2d 203.)

H. M. Shirley, of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.  The defendant, John Phillips, was by information charged in the county court of Coal county, Okla., on December 31, 1935, with the unlawful possession of intoxicating liquor; was tried on August 10, 1939, convicted, and sentenced to serve a term of 30 days in the county jail and pay a fine of $50, from which judgment and conviction he appeals to this court.

The defendant contends that the evidence was insufficient to support the verdict, and that the court should have granted a continuance on the motion of the defendant when it was conclusively shown that the docket furnished the attorneys at Coalgate by the court clerk failed to list the case at bar.

On August 10, 1939, when this case was called for trial, defendant made application for continuance for the reason stated by his attorney into the record, that he was unable to procure a necessary witness.  The continuance was not granted.  This motion for continuance was dictated into the record.  It was not stated by the attorney for defendant as to what the witness would testify.  It appears that the witness was a resident of Coal county and had been duly subpoenaed on the 31st day of July, 1939; no attachment was sought to compel the attendance of this

witness. It further appears that when the case was called for trial that both sides announced ready for trial; a jury was impaneled and sworn to try the case, and the opening statement made by both the county attorney and the attorney for the defendant before the application for continuance on account of the absent witness was ever made. There is no error apparent from the record in refusing to grant the continuance upon the ground of the absence of this witness.

The state introduced testimony of a Mrs. Herring and the sheriff of Coal county. Mrs. Herring testified that she went to the sheriff's office to get the sheriff to go with her to a certain house to get her husband. That they drove up to the house, and when the sheriff went into the house a man came out another door with a package and set it in a ditch beside the road. As soon as the sheriff returned, she told him what had happened. The sheriff picked up the package from its hiding place, and it contained two and one-half gallons of whisky. The man who had hidden the whisky in the ditch had not yet gone into the house; she pointed him out to the sheriff, and the sheriff arrested him at that time.

The sheriff testified that the man pointed out by Mrs. Herring, and who was standing outside the house and who was arrested by him, was the defendant, John Phillips.

Mrs. Herring described the man who hid the whisky, but was unable to identify the defendant, as she did not live in that community, but was a resident of Wyford, Tex.

The defendant in his own behalf stated that he had gone outside the house and talked with the sheriff, but denied that he had ever had possession of the whisky.

This court has held many times that a conviction should be reversed as not supported by evidence only if

no substantial evidence tends to show guilt, or evidence is so insufficient that the jury must have acted from partiality, passion or prejudice. Melton v. State, 57 Okla. Cr. 57, 47 P. 2d 195; Hicks v. State, 70 Okla. Cr. 284, 106 P. 2d 136.

The evidence in this case is sufficient.

Attached to the motion for a new trial is a copy of the clerk's docket, furnished to attorneys, for January, 1939, term, which does not include the case at bar. There is no contention that defendant's attorney had no notice of trial, since he was present in court and defended. If an attorney is not given sufficient time to prepare his case for trial, he should raise this fact in a motion for continuance. Defendant's application for continuance is not made a part of this case-made, and there is no showing in the record that he had insufficient time to prepare his defense.

It is evident from an examination of the record that the attorney for the defendant had knowledge that this case was set for trial as it appears that on July 28, 1939, the defendant had a subpoena issued for one George Dobson to appear in that case and testify on behalf of the defendant. This was more than ten days before the trial of the case and is sufficient to show that the defendant and his counsel had actual notice that the case was set for trial.

In Garrison v. State, 57 Okla. Cr. 230, 47 P. 2d 224, 225, this court held:

"An application for continuance on the ground of want of time to prepare for trial is addressed to the sound discretion of the trial court, and the ruling of that court will not be disturbed on appeal, unless an abuse of discretion is shown."

Finding no reversible error in the record, this case is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.