TERRITORY OF HAWAII *v.* BILLY JOE LEWIS.

NO. 2907.

Argued November 20, 1952.          Decided April 15, 1953.

Towse, C. J., Le Baron and Stainback, JJ.

Plaintiff in error was convicted of violation of section 11676 of the Revised Laws of Hawaii 1945 as amended by Act 26 of the Session Laws of Hawaii 1949. Four errors are assigned, all of which relate to and assert a deprivation of due process of law in the manner in which he was brought to trial.

In view of the emphasis directed to the brevity of time in which the cause was brought to trial after the defendant's plea, the chronology of events leading thereto are presented from the record.

March 27, 1952: Indictment returned charging defendant with two counts of procuring and pimping.

March 28, 1952: Defendant arraigned; pleaded not guilty; cause ordered placed upon the ready calendar subject to trial upon twenty-four hours' notice.

April 4, 1952: Defendant voluntarily appeared before the trial judge; stated that he had been unable to secure counsel; was advised to secure counsel, and to be prepared for trial by jury as demanded on April 7, 1952 at 9:00 o'clock a. m.

April 7, 1952: Defendant appeared stating that he did not have sufficient funds to employ counsel; the jury panel was excused; defendant was examined under oath, and the trial judge being satisfied that he was without funds appointed counsel from the bar (R. L. H. 1945, § 10685), and ordered the cause continued to April 8, 1952, at 9:00 o'clock a. m. for trial by jury.

April 8, 1952: Defendant appeared with appointed counsel; a jury was selected; trial commenced and terminated on April 10, 1952, with a verdict of guilty upon the first count.

The four assignments of error may be consolidated into one issue: Whether, due to the brevity of time for preparation of his case for trial, the plaintiff in error

was denied due process of law.

On March 28, 1952 the trial judge informed the defendant, then without counsel, that his case had been placed upon the ready calendar of that division subject to call for trial upon twenty-four hours' notice. Notice of readiness for trial upon twenty-four hours' notice, while not a firm setting of a trial date, is in conformity with approved criminal procedure practices in this jurisdiction.

"In all cases of offenses against the laws of the Territory, brought in the first instance in a court of record, the accused shall be * * * prosecuted * * * as soon after the commitment of the offense of which he is accused as may be expedient." (R. L. H. 1945, § 10791.) The trial having been actually scheduled to commence upon twenty-four hours' notice, accorded the plaintiff in error a period of nine days within which to secure counsel and prepare for trial; or, in the alternative, to inform the trial judge that he was without sufficient funds to do so and to request, upon so qualifying, the appointment of counsel by the court. (R. L. H. 1945, § 10685.) The record bears no reason for the plaintiff in error's nonaction in procuring counsel, nor that he proffered any excuse for failing to do so within that period of time. On the contrary, it affirmatively discloses that he delayed until actually given notice by the trial judge that his trial was about to commence before advising the court that he had been unable to secure counsel of his choice. In addition, a period of six days elapsed during which time, for all the record before us discloses, he did nothing in the way of insuring his defense—this, with knowledge that at any time upon call, he would be required to proceed to trial upon twenty-four hours' notice.

We have reviewed the authorities cited by plaintiff

in error relating to situations wherein the courts have passed upon the question of the brevity of time in which to prepare for trial. The cases have no direct application to the facts before us with but one exception (*Powell* v. *Alabama*, 287 U. S. 45, 77 L. Ed. 158, 53 S. Ct. 55), since they all involve either a demand and refusal of a continuance, or denial of a formal motion for continuance, the defendant thereupon being summarily ordered to trial. There was no such demand and refusal, nor denial of a motion for a continuance in the facts before us. The case of *Powell* v. *Alabama*, 287 U. S. 45, 56, 57, 58, *supra,* is distinguishable upon its facts. While, as here, there was no request and denial for a continuance, the defendants in that case, presumably for their own protection, were confined in jail.

"It thus will be seen that until the very morning of the trial no lawyer had been named or definitely designated to represent the defendants. * * *

"In any event, the circumstance lends emphasis to the conclusion that during perhaps the most critical period of the proceedings against these defendants, that is to say, from the time of their arraignment until the beginning of their trial, when consultation, thoroughgoing investigation and preparation were vitally important, the defendants did not have the aid of counsel in any real sense, although they were as much entitled to such aid during that period as at the trial itself. [Authorities cited.]

"Under the circumstances disclosed, we hold that defendants were not accorded the right of counsel in any substantial sense. To decide otherwise, would simply be to ignore actualities. This conclusion finds ample support in the reasoning of an overwhelming array of state decisions * * *."

In the present case the defendant was not confined between arrest and trial. He did in fact have ample time in which to secure and consult counsel of his choice but did not do so, and deferred advising the trial court that he had been unable to secure counsel until notified that his trial was about to commence.

At no time after commencement or during trial was the trial judge requested to pass upon a motion for continuance or the now asserted brevity of time accorded plaintiff in error in which to prepare his defense. Neither the defendant nor his attorney protested, objected or requested a continuance, but commenced and proceeded to completion of the trial without raising that issue. "One desiring a continuance should make application therefor, and may waive his right thereto." (22 C. J. S., Criminal Law, § 505, and authorities cited.) In the absence of timely application for a continuance, the trial court may properly order a cause to trial. (*Bennett* v. *State,* 96 Fla. 237, 118 So. 18; *Hanson* v. *State,* 27 Ga. App. 590, 109 S. E. 523; *Gray* v. *Commonwealth,* 249 Ky. 701, 61 S. W. [2d] 308; *Tarver* v. *State,* 124 Tex. Cr. R. 485, 63 S. W. [2d] 554; 22 C. J. S., Criminal Law, § 507 and cases cited therein.)

In *Territory* v. *Van Dalden,* 33 Haw. 113, the defendant on entry of his plea orally requested a further continuance for trial. The request was denied. In the facts presented by the record before us, there was no such motion, oral or written, and consequently no exception preserved. This court decided in the *Van Dalden* case that when a defendant through counsel represents that he is ready for trial, any objections theretofore made from the denial of a requested continuance are waived, and that issue is foreclosed on appeal.

Section 10821 of the Revised Laws of Hawaii 1945

▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬

provides in part:

"No person prosecuted shall be entitled as of right to * * * postpone the trial of any indictment preferred against him * * * provided, always, that if the court before which any person is indicted shall, upon the application of the person or otherwise, be of the opinion that he ought to be allowed a further time * * * to prepare for his defense * * * the court may grant further time * * *." The foregoing provisions place the onus of "application" for a continuance upon the defendant when the request emanates from that source.

The granting of a continuance for trial is within the sound discretion of the trial judge. (R. L. H. 1945, § 10281; *Peterson* v. *State,* 231 Ala. 625, 166 So. 20; *Woodward* v. *State,* 197 Ga. 60, 28 S. E. [2d] 480; *People* v. *Van Norman,* 364 Ill. 28, 2 N. E. [2d] 891; *Phillips* v. *State,* 71 Okla. Cr. 287, 111 P. [2d] 203; *Williams* v. *State,* 148 Tex. Cr. R. 427, 187 S. W. [2d] 667.)

Unless it is clearly shown or the facts presented by the record disclose that the exercise of that discretion was abused, this court will not examine into a situation where, such as here, there was no request for a continuance or postponement. (*Sorke* v. *Commonwealth,* 271 Ky. 482, 112 S. W. [2d] 676; *King* v. *State,* 146 Tex. Cr. R. 572, 176 S. W. [2d] 954; *Decker* v. *Com.,* 270 Ky. 329, 109 S. W. [2d] 816; *People* v. *Terry,* 366 Ill. 520, 9 N. E. [2d] 322; *People* v. *Conn.,* 391 Ill. 190, 62 N. E. [2d] 806.)

The record further fails to disclose any objection interposed after verdict by way of motion for a new trial, which motion would have required the trial judge to pass upon the issue of the brevity of time for preparation for trial now raised for the first time.

Objections to the granting, or failure or refusal to grant, a continuance or postponement cannot be reviewed

on appeal where they were not properly raised in the court below. (*Territory* v. *Van Dalden, supra;* 24 C. J. S., Criminal Law, § 1676; see also *Henry Ching* v. *United States,* 264 Fed. 639, 641; *Weaver* v. *State,* 185 Ark. 147, 46 S. W. [2d] 37; *Griswold* v. *State,* 77 Fla. 505, 82 So. 44.) "Where the defect complained of could have been cured or obviated by a continuance, motion must have been made therefor or it cannot be considered on appeal, as, for example, an objection that accused was refused time to confer with his counsel in order to prepare for trial * * * [Authorities cited]." (24 C. J. S., Criminal Law, § 1678.)

Applying the foregoing authorities to the facts here presented, which affirmatively disclose a reasonable period of time accorded to the plaintiff in error in which to avail himself of the deprivation now complained of, we find the assignments of error to be without merit.

Judgment affirmed.

*D. H. Marshall* (also on the briefs) for plaintiff in error.

*R. E. St. Sure,* Public Prosecutor (also on the brief), for defendant in error.