## 8321. HARRISON *v.* THE STATE.

GEORGE, J. 1. When this case was called for trial counsel for the accused approached the bench and stated to the judge privately that the accused was not ready for trial, that he had not had his witnesses subpœnaed, and had been told by the prosecutor that his case would not be called for trial; to which the judge replied: "I can't help that;" whereupon counsel for the accused stated in open court: "Defendant is not ready for trial; he has some material witnesses who are not present;" but admitted that the witnesses had not been subpœnaed. Counsel for the accused did not at the time offer to show that he had in fact been misled by the prosecutor or by counsel employed to assist in the prosecution, and did not disclose the identity of the absent witnesses, or the facts to which they would testify. *Held,* that the court did not abuse its discretion in refusing to continue the case.

2. During the trial a witness for the State attempted to detail apparently irrelevant and immaterial circumstances, and was interrupted by the court with the statement: "You need not go into that." Later during the trial a witness for the State was asked if he was a witness at the last term of the court, and if he was then sworn; to which the witness replied in the affirmative. When the witness had been examined at some length concerning this matter, the court interrupted the examination with this statement: "Maybe we will save time if I mention that I made some inquiry with reference to paying witnesses' fees. I suppose this was one of the witnesses. . . I don't know whether this was one or not." *Held,* that these interruptions by the court are not subject to the criticisms made, and will not require a new trial.

3. A witness for the State was allowed to give in evidence the contents of a letter from the defendant, alleged to have been received by the witness while in the State of Florida. Concerning the letter the witness testified as follows: "I don't know where the letter is. If I was ever to find it, it might be at my father's house. That is where I got it at. I was in Florida when I got the letter. . . I was at my father's house in Florida when I received the letter. . . . That was in September he wrote the letter; and I came out here, I think, the first of December." *Held:* Under the facts testified to by the witness, the court did not err in allowing the witness to state the contents of the letter. *Lunday v. Thomas,* 26 *Ga.* 537 (3).

4. The charge of the court upon the defense of alibi was not for any reason assigned erroneous. *Bass* v. *State,* 1 *Ga. App.* 728 (4), 729 (57 S. E. 1054); *Shaw* v. *State,* 102 *Ga.* 660 (3), 665 (29 S. E. 477).

5. The evidence warranted the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, O. J., and Luke, J., concur.*

DECIDED APRIL 24, 1917. REHEARING DENIED MAY 11, 1917.

Indictment for burglary; from Wayne superior court—Judge Highsmith. November 9, 1916.

*Gibbs & Turner, Wilson & Bennett, W. W. Bennett,* for plaintiff in error.

*A. V. Sellers, solicitor-general, J. H. Thomas,* contra.

### ON MOTION FOR REHEARING.

It is insisted that, if the facts brought to the attention of the court, and set out in the first division of the decision, did not require a postponement or continuance of the trial of the case against the accused, nevertheless the court should have granted the accused a new trial upon his contention that he had been fraudulently misled by assurances given by the prosecutor and by counsel employed by the prosecutor to assist in the prosecution, to the effect that the case against the accused would not be called for trial, and would not be tried. If the defendant had neglected to subpœna his witnesses, upon statements made by the prosecutor and by counsel employed by the prosecutor, this fact should have been shown to the court at the time the case was called, and the names of the witnesses should have been made known to the court, together with the material facts to which they would testify if present. The contention of the accused, to the effect that he was forced to trial without material witnesses, and that his failure to subpœna these witnesses was due to fraud practiced upon him by the prosecutor and to statements made by counsel specially employed by the prosecutor, urged as a ground in the motion for a new trial, does not authorize this court to reverse the judgment denying a new trial, in view of the counter-showing offered by the State. All the facts recited in this ground of the motion for a new trial were known to the accused at the time of his trial, and it does not appear that there was any sufficient reason for his failure to inform the court of such facts at the time. On account of his failure so to do, and in view of the showing made by the State upon the hearing of the motion, this court is not authorized to say that the trial judge erred in overruling the motion for a new trial. *Rehearing denied.*