## 12630.  HANSON v. THE STATE.

1. Where no motion for a continuance is made for absence of witnesses, the court does not err by disregarding such absence, the accused having had full time after his arrest to prepare for trial.
2. The alleged newly discovered evidence was cumulative of the evidence introduced upon the trial to show an alibi.  " Cumulative evidence to prove an alibi, even if newly discovered, is not cause for a new trial."  *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542); *Tipton* v. *State,* 119 *Ga.* 305 (8) (46 S. E. 436).  Its effect would be to impeach the evidence for the State.  *Odum* v. *State,* 24 *Ga. App.* 271 (100 S. E. 655); *Nisbet* v. *Vandiver,* 24 *Ga.· App.* 572 (3) (101 S. E. 761).
3. The evidence warranted the verdict, the trial judge approved it, and no error was committed in overruling the motion for a new trial.

DECIDED NOVEMBER 16, 1921.

Accusation of possessing liquor; from city court of LaGrange — Judge Duke Davis.  May 21, 1921.

*L. B. Wyatt,* for plaintiff in error.

*L. L. Meadors, solicitor, B. J. Mayer,* contra.

BLOODWORTH, J.  Only the first headnote needs elaboration. The first ground of the amendment to the motion for a new trial is as follows:  " Because at the beginning of the criminal week of the March term of the city court of LaGrange movant was advised by his then sole counsel, Judson Andrews, that on account of his physical condition a leave of. absence had [been ?] granted him, and that the case against movant would not be tried at that term of court, and that it would [not ?] be necessary to have any witnesses attend court until the · June term of said court.  Movant had no knowledge, notice, or information that the case would be tried until the morning of the day that same was tried.  Movant then had no other counsel and reported the matter to the solicitor of the city court of LaGrange, who of course could do nothing for movant regarding the matter. Movant shows that by reason of this instruction from his counsel he had made no arrangements for a trial, and had no witnesses in attendance upon court, and had not an opportunity to get his evidence properly before the court, and was by reason thereof denied a fair and impartial trial."  This ground of the motion is absolutely without merit.  Although the defendant. was represented at the trial by two attorneys, one of them being the attorney above referred to as his " sole counsel," yet the attention of the trial judge was not called to the foregoing facts,

nor was any motion made to postpone or continue the case. See *Harrison* v. *State*, supra; *Phillips* v. *Bagwell Motor Car Co., 22 Ga. App.* 488 (96 S. E. 334); *Harrison* v. *State, 20 Ga. App.* 12 (92 S. E. 388, 95 S. E. 630).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*