17763.   CLARK *v.* THE STATE.

LUKE, J.   The conviction of the defendant of a violation of the prohibition
statute (making whisky) was dependent upon the corroboration of an
accomplice; and the corroboration did not meet the requirements of the
law.   In fact there were two accomplices, one testifying that the de-
fendant was involved as a shareholder in the distilling outfit, and the
other that the defendant had no interest in it.   For the reason that
there was not the degree of corroboration required by law, the court
erred in overruling the motion for new trial.

*Judgment reversed.   Broyles, C. J., concurs.   Bloodworth, J., absent on
account of illness.*

DECIDED JANUARY 11, 1927.

Making intoxicating liquor; from Walker superior court—Judge
Maddox.   November 1, 1926.

*M. B. Eubanks,* for plaintiff in error.

*J. F. Kelly, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 713, n. 31.

17764.   HENDERSON *v.* THE STATE.

LUKE, J.   1.   "Cumulative evidence to prove an alibi, even if newly dis-
covered, is not cause for a new trial."   *Harrison* v. *State,* 83 *Ga.* 129
(9 S. E. 542); *Tipton* v. *State,* 119 *Ga.* 305 (46 S. E. 436); *Hanson* v.
*State,* 27 *Ga. App.* 590 (2) (109 S. E. 523).

(*a*) Furthermore, in the instant case the affidavits in support of the
"newly discovered" witnesses were defective, in that they failed to give
the names of their associates.   The trial judge, therefore, did not
abuse his discretion in refusing to grant a new trial on account of the
alleged newly discovered evidence.   *Ivey* v. *State,* 154 *Ga.* 63 (6) (113
S. E. 175); *Waller* v. *State,* 34 *Ga. App.* 674 (131 S. E. 95).

2. The evidence authorized the verdict, and, the finding of the jury hav-
ing been approved by the trial court, and no error of law appearing,
this court is without authority to interfere.

*Judgment affirmed.   Broyles, C. J., concurs.   Bloodworth, J., absent on
account of illness.*

DECIDED JANUARY 11, 1927.

Possessing intoxicating liquor; from city court of LaGrange—
Judge Tuggle.   November 4, 1926.

*W. E. Armistead,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

Criminal Law, 16 C. J. p. 1201, n. 63; p. 1230. n. 66; 17 C. J. p. 252,
n. 17; p. 255, n. 53.