24165. GULF LIFE INSURANCE COMPANY *v.* GAINES.

Decided February 6, 1935.

*W. V. Custer & Son,* for plaintiff in error.

*A. B. Conger,* contra.

BROYLES, C. J.  1.  " 'A court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may in its discretion seem necessary.' 1 Black, Judg. § 153.  But after 'the expiration of the term at which a judgment or decree was rendered, it is out of the power of the court to amend it in any matter of *substance* or in any matter affecting the *merits.'*  Ibid. § 154.  Therefore, as 'a general rule, it is unquestionably true that no act of the court, as contradistinguished from the act of its officers or of the parties, can be allowed to be amended but during the term at which it was done. During the term the record is said to be in the breast of the judge, after it is over it is upon the roll.'  Ibid. § 157.  So 'when the defect consists in the failure of the court to render the proper judgment, or arises from a want of judicial action, the record can not be corrected after the term has closed, the cause being no longer *sub judice.* . . The power to amend *nunc pro tunc* is not revisory in its nature, and is not intended to correct judicial errors;' and this being so, 'however erroneous, the express judgment of the court can not be corrected at a subsequent term.'  Ibid. § 158. . . The mere fact that a cause is still pending, no final judgment on the merits having been rendered, does not preserve in the court power to revoke *interlocutory rulings* [italics ours] made at a term which has passed. . . If anything is settled, it is that counsel must keep themselves informed as to everything done in their cases while the court is in session.  Any other rule would lead to inextricable confusion and difficulty."  *McCandless* v. *Conley,* 115 *Ga.* 48, 51 (41 S. E. 256).

2.  A demurrer in the instant case (an action on a policy of life-insurance) came up for a hearing on June 20, 1933.  The second ground of the demurrer was as follows:  "No copy of the contract sued upon is attached to the petition, although the petitioner admits possession thereof."  The court rendered the following judgment:  "The demurrer . . coming on for hearing, the same is hereby overruled on each and all of its grounds except the second, and the plaintiff is given until June 27, 1933, to amend his peti-

tion by attaching the original or a copy of the contract sued upon. Upon the failure of the plaintiff to so amend within the time stated, the petition will be dismissed. So ordered this 20th day of June, 1933." This judgment was rendered at the June term, 1933, of the trial court, and the plaintiff failed to so amend his petition within the required time, or within the June term, 1933, of the court. At the succeeding term of the court, counsel for the plaintiff filed an application for the vacating of the judgment on the demurrer, rendered at the preceding term of the court, and the court granted the application and passed an order vacating said judgment. To this order, the defendant excepted pendente lite and assigned error thereon in his bill of exceptions. · Under the ruling in the preceding paragraph, the court erred in vacating the judgment on the demurrer, and that error rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre, J., concurs.*

GUERRY, J., concurring specially. I think the judgment should be reversed on its merits. I concur in the result reached.