28365. MILTON *v.* MITCHELL COUNTY ELECTRIC MEMBERSHIP ASSOCIATION *et al.*

DECIDED NOVEMBER 14, 1940. REHEARING DENIED DECEMBER 17, 1940.

*Edward T. Hughes,* for plaintiff. *S. B. Lippitt,* for defendants.

FELTON, J. E. E. Milton sued the Mitchell County Electric Membership Association (for convenience hereinafter referred to as the company) and another for the negligent burning of his home. General and special demurrers were filed to the original petition. After the petition was amended, general and special demurrres were again filed. The petition was again amended and was demurred to generally and specially. These renewed demurrers, general and special, were sustained and the petition dismissed. Exception is taken to this order.

The plaintiff made a motion to vacate the order sustaining the demurrers and dismissing the petition. The grounds of the motion are substantially as follows: that the plaintiff received through the mail a copy of the order sustaining the demurrers, whereupon he went immediately to Baker County where the judge who heard the demurrers was presiding in court and requested the judge to allow a rehearing and reargument of the case; that the judge informed the plaintiff and his attorney that he would take under advisement the request for a rehearing for the purpose of rearguing and submission of additional citations; that at the time the judge instructed the attorney for the plaintiff to deliver the following message to the clerk of the superior court of Mitchell County: "Hold the original order mailed by me to Mr. Sam Brown Lippitt, Albany, Georgia, in which I sustained the defendants' demurrers in the case of Milton vs. R. E. A. and do not file the same until you hear further from me;" that plaintiff and his attorney immediately returned to Camilla and delivered the message to the clerk, whereupon the clerk stated that he had not received the order referred to, and that he would hold it upon receipt; that on or about January 31, 1940, he discovered that the order was received by the clerk and through error was marked as being filed in his office as of January 18, 1940; that the filing was done inadvertently and through mistake. This motion was denied by the court, to which order exception is taken.

■ It was not error for the court to deny the motion to reopen the case for a reargument. While it is true that the court has plenary control of its judgments during the term at which they are rendered, and may amend, correct, modify, or supplement them as may in its discretion seem necessary (*Gulf Life Insurance Co.* v. *Gaines,* 50 *Ga. App.* 504, 179 S. E. 199), it is by no means mandatory that the court do any of these things merely because a motion is made. Nowhere in the record does it appear that a proper exercise of the discretion allowed the court would have demanded that the order so passed be changed, and in the absence of such a showing, and in the absence of a showing that there was no exercise of discretion by the court, it will be conclusively presumed that the judge exercised his discretion, and on such exercise decided not to rehear the case.

■ It was not error to sustain the demurrers and dismiss the petition. The original petition was demurred to and then amended.

The amended petition was demurred to and then amended. The petition as finally amended was demurred to. The final amendment contained substantially the following allegations: That from the transformer to the meter box, a device owned by the defendant and located on the wall of the residence of the plaintiff, defendant owned and installed three wires, one of which petitioner is informed and alleges was a ground or neutral wire. Petitioner alleges upon information and belief that if either of said wires was not attached to the proper terminal, or if said transformer was not in proper working condition, or if the meter was not properly grounded, that in the event of one or all of said conditions existing, then said wires and said meter box, because of the flow of an excessive and dangerous amount of electricity on account of one or the other of said conditions, would cause said meter box and wires leading thereto from said transformer to become so charged with electricity till they would eventually burn; and petitioner alleges that when the fire was first observed the meter box was almost entirely destroyed by fire, and that all the immediate surrounding wall of his premises on which the box was installed had been burned away; that the defendant was negligent in permitting an excessive and dangerous amount of current to enter the premises of plaintiff; in failing to inspect after notice; in failing to use proper care.

This paragraph was demurred to on the ground that the allegations on which the specifications of negligence were based were in the disjunctive, and that all of the allegations were conclusions of the pleader, and that there were no allegations of fact on which to base the specifications of negligence. It is true that a general allegation of negligence is good as against a general demurrer, but where specific allegations are called for by special demurrers a general allegation will not withstand the demurrer. *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974). Nowhere in this paragraph or in the petition does it appear that it is positively alleged that any of the things happened, which, if they had happened, would *eventually* result in a fire. Nor will the doctrine of res ipsa loquitur aid the petition. It is earnestly contended that the plaintiff is entitled to the benefit of this doctrine, but in the brief of the plaintiff cases are cited which state that this doctrine "is simply a rule of evidence which permits an inference to be drawn from proved facts." *Armour & Co.* v. *Gulley,* 61 *Ga. App.* 414 (6

S. E. 2d, 165). For the purposes of demurrer the plaintiff can not be aided by this rule because, as stated, it is a rule of *evidence* and can not be used to aid or perfect defective pleadings. *Hudgins* v. *Coca-Cola Bottling Co.,* supra. Since this is true, the petition in its final analysis alleges that the plaintiff was the owner of a house that was wired for electricity by one who was held out by the company as being a competent electrician; that the wiring was inspected by the company before being energized; that the lights did not work properly and notice of this was given to the company; that an attempt was made by it to find the trouble; that the trouble was located in the transformer of the company and corrected and the power turned on; that if certain things were done a fire would result; that the house of the plaintiff burned; that when the fire was discovered the meter box, which was installed on the wall of the house, and the wall around it, were totally destroyed; that the defendant was negligent in certain particulars. It is not affirmatively alleged that the fire was caused by electricity. It is not alleged where the meter box was located, whether on the kitchen wall or elsewhere. Proof of all of the allegations of the petition would fall short of entitling the plaintiff to a recovery because of the fact that proof of these allegations would not preclude the hypothesis that the fire was caused by some other agency and originated in some place other than the meter box or its immediate vicinity. The demurrers to the petition were properly sustained.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*