32950. BATTLE *v.* CITY OF MACON.

DECIDED APRIL 7, 1950.

*Buford & Coll*, for plaintiff.

*Ed. S. Sell Jr., Clarence H. Clay Jr.*, for defendant.

FELTON, J.  ■ The defendant in error contends that the petition does not state sufficient facts to show notice of the defect to the city and that therefore no cause of action is stated. This contention is based on Code § 69-303. We do not agree with the defendant in error that this Code provision requires an allegation in the petition of how long the defect had existed if constructive or implied notice is relied upon. This provision is a mere codification of the holding in the case of *Mayor &c. of Montezuma* v. *Wilson*, 82 *Ga.* 206 (9 S. E. 17), and must be construed in the light of the facts and holdings in that case. The court there held that the verdict of the jury rendered in the trial of the case was contrary to the evidence, in that the defective sewer which caused the plaintiff's injuries had been inspected on the day the plaintiff sustained his injuries and that no defect existed then. The court said: "A municipal corporation cannot be held liable for damages occurring by reason of a defect in its streets, sidewalks, sewers or bridges, when it has no notice thereof, or when such defect has not existed for a sufficient length of time from which notice can be inferred, provided the corporation has been guilty of no negligence in constructing or repairing the same. . . According to the testimony in this case, this defect was of such a recent origin that the officers of the town government could not possibly have had notice of it." There is nothing in that case to sustain the contention that the elements establishing implied or constructive notice have to be alleged in the pleading. It deals merely with the *proof* of implied notice. Plaintiff's allegation that the city "knew or should have known" is an allegation of implied notice (*Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (6), 48 S. E. 438; *Thomas*

v. *Georgia Granite Co.*, 140 *Ga.* 460, 79 S. E. 130) ; and to make out a case he must, in the absence of actual notice, prove such implied notice, but he need not plead the facts by which he intends to prove such implied notice. The petition contained a general allegation of negligence of the city and such general allegation of negligence is sufficient against a general demurrer. *Russell* v. *Central of Georgia Ry. Co.*, 119 *Ga.* 705 (46 S. E. 858) ; *Milton* v. *Mitchell County Elec. Membership Assn.*, 64 *Ga. App.* 63 (12 S. E. 2d, 367) ; *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (50 S. E. 974).

■ The defendant in error further contends that the plaintiff's allegation "that the said hole and exposed sewer pipe was caused by dirt washing away from over and around said sewer pipe and due to the fact that it was raining and the hole was filled with water plaintiff was unable to see said hole or exposed sewer pipe," shows that the defect in the street was created during the rain in which the injury occurred and that, therefore, the city could not have had implied notice of such defect in time to protect the plaintiff therefrom. We do not agree with such contention. This allegation is contained in an amendment of the petition in response to a demurrer by the city setting up the plaintiff's own negligence in not discovering the hole and exposed sewer pipe as the proximate cause of the plaintiff's injuries, and while the allegation may not be in the best rhetorical form, the only reasonable interpretation or construction that can be given it is not that the immediate rain in which the injuries occurred caused the defect in the street but that due to such rain and the filling up of the hole with rain water the plaintiff was unable. to see the hole or pipe.

We are not concerned with the special demurrers as no ruling was made thereon.

The court erred in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment reversed.   Sutton, C. J., and Worrill, J., concur.*