33673.  GATES *v.* THE STATE.

Decided July 16, 1951.

*Marion W. Corbitt, Thurmond Shaw,* for plaintiff in error.

*Warren Akin, Solicitor-General, J. L. Davis,* contra.

GARDNER, J.  █  The evidence for the State showed substantially the following:  On August 1, 1950, Anne Weaver testified that she lived in the basement of the Wofford Sanford Hospital; that on this occasion she went on duty as a nurse at Wofford's Clinic, at midnight, and when she assumed her duties she went into Dr. Wofford's reception room where she lay down; that she heard a noise "like thunder" and there was a "flash" and she looked up and the defendant was standing over her, at her head; that she immediately screamed and the defendant ran out of the room and later on out of the building; that when the police, whom she promptly called, came, they found that the back screen in the basement had been cut out; that she

had seen this defendant hanging around at night on several occasions, peeping into the hospital and "fooling" around; that on said occasion the defendant struck her on the head with something and "she thought she had been shot"; that about 30 minutes later she discovered a brick lying on the chair in the reception room and on the towel which she had around her head when struck, she found some dirt and leaves; that her scalp was cut, necessitating some stitches by Dr. Sanford. The witness further testified as to her indentification of the defendant as the person hitting her; that she viewed several other negroes at the police station, and none of them was the right man; that when the defendant was brought before her by the police, she immediately recognized him as the man assaulting her. Therefore, from the positive testimony of the person assaulted, there appeared sufficient evidence to authorize the defendant's conviction. The police officers testified that Anne Weaver identified the defendant as the man hitting her, and that while the defendant denied this, he remarked on coming into the room, "has somebody been hit?" The evidence clearly authorized the verdict.

■ In the one special ground, the defendant sets up certain alleged newly discovered evidence, part being that the person assaulted had stated to Dr. Sanford, who had testified on the trial as to treating her and as to the extent and nature of her wound, that about 30 minutes after the assault, while he was treating her, she did not know who hit her but that it was not the defendant. Also, it was set out that two other persons stated that they saw Anne Weaver the next day and she could not identify the defendant, saying that she only saw the back of the man's legs as he ran out of the room. It was further set out that another person stated to the effect that the defendant was at work in a cafe when the assault was claimed to have taken place. The defendant had introduced on the trial other witnesses who testified that he had been at work in this cafe at the time of this assault. The alleged statements of the doctor and the two other persons was impeaching in character, while that of the fourth person was merely cumulative as to previous testimony concerning the defendant's alibi. Furthermore, it does not appear that any of these statements would be

available as evidence from these persons, since there are no affidavits from either of them to this effect, should there be another trial of this case.

The defendant is proceeding under Code § 70-204, which provides: "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the court within the time allowed by law for entertaining a motion for a new trial." So, newly discovered evidence which is merely cumulative and impeaching in character does not require the grant of a new trial. *Pool* v. *Duckworth,* 148 *Ga.* 180 (96 S. E. 179). Cumulative evidence as to the defendant's alibi by a witness, who was not known to the defendant at the time of the trial, is no cause for the grant of a new trial. See *Henderson* v. *State,* 36 *Ga. App.* 303 (136 S. E. 333), and citations.

Great caution should be exercised in granting a new trial because of new evidence; such applications are simply tolerated by the law and are not favored. *Dill* v. *State,* 106 *Ga.* 683, 689 (32 S. E. 660).

Declarations of a witness at variance with what she testified to upon the trial, do not constitute reasons for the grant of a new trial under the foregoing Code section. *Jordan* v. *State,* 124 *Ga.* 417 (52 S. E. 768); *Sutton* v. *Ward,* 195 *Ga.* 314, 316 (24 S. E. 2d, 17). Even though a witness is the only witness on a vital issue in the case, if the sole effect of the new evidence would be to impeach and contradict the testimony given during the trial, a new trial will not be granted. *Kennedy* v. *State,* 68 *Ga. App.* 852 (4) (24 S. E. 2d, 321); *Johnson* v. *State,* 196 *Ga.* 806 (27 S. E. 2d, 749). Furthermore, this court has no discretion in a case of this nature, as does the trial court in passing upon a motion for new trial, and it is only when the discretion of the trial court is manifestly abused that this court will step in and disturb that judgment. *Moss* v. *State,* 44 *Ga. App.* 244 (161 S. E. 293); *Brantley* v. *State,* 16 *Ga. App.* 6 (2) (84 S. E. 131).

The court did not see fit to grant a new trial to the defendant under the facts before him, and no manifest abuse of his dis-

370

cretion in the premises appears from the record, the newly discovered evidence being cumulative and impeaching. The fact that the trial court stated that it was with great reluctance that a new trial was denied does not show any abuse by him of this discretion under the facts presented by the record. We are aware of the principle of law that upon passing upon newly discovered evidence by an appellate court, the question is, would a different result be likely to be attained upon another trial. If the newly discovered evidence is such that the appellate court could find such to exist, then it would be authorized to hold that the trial court abused its discretion in overruling the motion. Such is not the case here.

It follows that the trial court properly overruled the defendant's motion for a new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*