36955. CHAMBLESS *v.* OATES PLUMBING & HEATING
COMPANY, INC.

DECIDED JANUARY 31, 1958.

*W. W. McKinnon,* for plaintiff in error.

*R. S. Wimberly, Eberhardt, Franklin, Barham & Coleman,*
*H. C. Eberhardt,* contra.

FELTON, Chief Judge. The motion, whether it be construed as
one to arrest or as one to set aside, did not show a proper cause
for the relief sought because nowhere in the motion was it alleged

that the judgment sought to be set aside or arrested was procured by accident, mistake or fraud or through any defect not amendable appearing on the face of the record or pleadings or by perjury or any other irregularity. Code §§ 110-702, 110-703, 110-704, 110-706; *Byrd* v. *Riggs*, 210 *Ga.* 473 (1) (80 S. E. 2d 785); *Ford* v. *Clark*, 129 *Ga.* 292 (1) (58 S. E. 818); *Mobley* v. *Mobley*, 9 Ga. 247.

"While it is true that the court has plenary control of its judgments during the term at which they are rendered, and may amend, correct, modify, or supplement them as may in its discretion seem necessary (*Gulf Life Insurance Co.* v. *Gaines*, 50 *Ga. App.* 504, 179 S. E. 199), it is by no means mandatory that the court do any of these things merely because a motion is made. Nowhere in the record does it appear that a proper exercise of the discretion allowed the court would have demanded that the order so passed be changed, and in the absence of such a showing, and in the absence of a showing that there was no exercise of discretion by the court, it will be conclusively presumed that the judge exercised his discretion, and on such exercise decided not to rehear the case." *Milton* v. *Mitchell County Electric Membership Assn.*, 64 *Ga. App.* 63, 64 (12 S. E. 2d 367).

"Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused." *Whitlock* v. *Wilson*, 79 *Ga. App.* 747 (1) (54 S. E. 2d 474).

No abuse of discretion on the part of the trial court is shown in the instant case.

The only grounds the plaintiff in error alleged in his motion for vacating or arresting or setting aside the judgment were that the court erred as a matter of law in rendering the judgment and that due to excusable neglect and delay the plaintiff in error did not file his bill of exceptions excepting to such judgment within the time provided by law. As stated above these are not proper grounds for the relief sought. The proper remedy to reverse the judgment complained of was by suing out a bill of exceptions, which the plaintiff in error did, but this bill of exceptions was not filed within the time provided by law.

The court did not err in overruling the plaintiff in error's motion.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*