37640. LATIMER *v.* KIEFFER.

DECIDED MAY 28, 1959.

*J. G. Roberts, Hurt, Gaines, Baird, Peek & Peabody, Boynton C. Emerson,* for plaintiff in error.

*Jean E. Johnson, Ben F. Smith,* contra.

FELTON, Chief Judge. ■ The motion to dismiss both counts and the general demurrer to count 2 should have been sustained. Count 1, construed as seeking to allege a cause of action based on the negligence of the child servant of the defendant, does not set forth a cause of action for the reason that no negligence is alleged against the child. Construed as seeking to allege a cause of action based on the negligence of the defendant in turning over a high-spirited horse to a minor, it is defective in that it fails to allege that the defendant knew that the horse was high-spirited or dangerous. *Harvey* v. *Buchanan,* 121 *Ga.* 384 (49 S. E. 281); *Sinclair* v. *Friedlander,* 197 *Ga.* 797 (30 S. E. 2d 398); *Alropa Corp.* v. *Pomerance,* 190 *Ga.* 1 (8 S. E. 2d 62); *Candler* v. *Smith,* 50 *Ga. App.* 667 (179 S. E. 395). Neither did it allege that the defendant knew that there was some incapacity or incompetency in the child which might have resulted in some foreseeable injury to another. *Young* v. *Kicklighter,* 213 *Ga.* 42 (96 S. E. 2d 605).

For the same reasons count 2 failed to state a cause of action. One additional observation must be made as to count 2. The amendment thereto is insufficient to allege that the horse was dangerous or high-spirited or that the defendant knew that fact.

■ Paragraphs 2 and 3 of the defendant's special demurrers to paragraph 6 of count 2 should have been sustained for the reasons stated in the respective grounds of demurrer.

■ Paragraph 4 of the defendant's special demurrer to subparagraph (a) of paragraph 10 of count 2 should have been sustained. *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695(1) (50 S. E. 974); *Milton* v. *Mitchell County Elec. &c. Assn.,* 64 *Ga. App.* 63, 65 (12 S. E. 2d 367).

■ Paragraphs 5, 6, 7, 8, and 9 of the defendant's special demurrers to count 2 should have been sustained for the reasons stated in said paragraphs of the special demurrers.

The court erred in overruling the general and special demurrers to count 2 and in overruling the motion to dismiss counts 1 and 2.

*Judgment reversed. Nichols, J., concurs. Quillian, J., concurs in the judgment on the rulings on the general demurrer to count 2 and motions to dismiss counts 1 and 2.*