38890. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION *et al.*v. TITUS.

DECIDED JUNE 29, 1961.

86

Smith, Field, Ringel, Martin & Carr, Charles L. Drew, for plaintiffs in error.

Erwin Sibley, Milton F. Gardner, contra.

BELL, Judge. 1. We first consider the motion to dismiss the appeal.

The assignment of error in the bill of exceptions to the order of the superior court reversing the award of the State Board of Workmen's Compensation was "on the ground that it is erroneous and contrary to law." Normally such a broadside assignment of error is insufficient, and will not be considered by appellate courts. Cates v. Duncan, 180 Ga. 289 (1) (179 SE 121) and Kent v. Shannon, 209 Ga. 8 (1) (70 SE2d 376). Code §§ 6-901, 6-1607. It is usually necessary that the assignment of error specifically and definitely describe the error so that this court will not be compelled to grope in order to dis-

cover it. However, it has been held that a general assignment of error on the ruling of the court is sufficient when a copy of the ruling is attached to the bill of exceptions. *Baker v. Metallizing Co. of America,* 103 Ga. App. 174 (1) (118 SE2d 843), and cases there cited. In the present case the error is apparent on the face of the order of the trial court, so that this court does not have to rummage to find it. As the order is in the record, and the error readily visible, the assignment of error is sufficient. Appellate courts should strive to eliminate, not encourage, unnecessary technicalities serving no useful purpose, but which tend to divert or nullify justice.

The motion to dismiss the appeal is denied.

2. In this case the board found as a matter of fact that the evidence was not sufficiently clear to indicate that the claimant sustained an accidental injury which arose "in and out of the course of her employment," and that the claimant had not carried the burden of proof, and the claim for compensation was thereby denied. In reviewing this award of the board denying compensation, the judge of the superior court entered an order which reads in its relevant portions as follows: "It appearing to the court that the claimant was the only witness at the hearing and having testified that she had been in the employ of said employer for 19 years and that on September the 30, 1958, she was injured while in, and out of, the course of her employment, and is totally and permanently disabled therefrom; that her average weekly wages were $40 and, it appearing that the employer is subject to the Workmen's Compensation Act and it appearing to the court that the evidence demanded a finding and an award in favor of said claimant, it is further ordered, considered and adjudged that the employer and/or the insurer pay to claimant the sum of $1,500 medical expense of the sum of $1,809.95 which had been incurred by claimant on account of said injury up to the date of the original hearing before the single director on October 7, 1959, and that said employer and/or insurer pay compensation of 60%, of said average weekly wage, being $24 per week, as total and permanent disability benefit for the period of 400 weeks, or the sum of $10,000 whichever is smaller, and as provided by Georgia Code Section 114-404."

*Code* § 114-710 enunciates five grounds on which the courts may set aside "the order or decree of the members" of the board. This Code section provides that no order or decree of the board shall be set aside by the court on any grounds other than one or more of the grounds stated, and that on the setting aside of any such order, decree or decision of the board, the court may recommit the controversy to the board for further hearing or proceedings in conformity with the proceedings and judgment of the court, or the court may enter the proper judgment "upon the findings, as the nature of the case may demand." Under the statute *the exclusive authority* to make findings of fact in claims under the Georgia Workmen's Compensation Law is vested in the State Board of Workmen's Compensation. *American Mut. Liab. Ins. Co. v. Sims*, 62 Ga. App. 424 (8 SE2d 408). If there are no findings on which an award may be made, the judge of the superior court should remand the case to the board with direction that it hear evidence on the matter. *Rutland v. Vaughn*, 96 Ga. App. 499, 500 (3) (100 SE2d 609). Findings of the board that the claimant has carried the burden of proof (*American Mut. Liab. Ins. Co. v. Casey*, 91 Ga. App. 694 (1), 86 SE2d 697), or has not carried the burden of proof (*American Mut. Liab. Ins. Co. v. Harden*, 64 Ga. App. 593, 13 SE2d 685), are alike binding on the courts if there is any evidence to sustain them.

The judge of the superior court may reverse the decision of the board on the grounds stated in *Code* § 114-710, but may not make findings of fact and enter an award thereon.

In all workmen's compensation cases, to justify an award of compensation, it is essential that the board find as a matter of fact that the claimant was injured by an accident arising out of and in the course of employment. Here the board did not find this essential. Neither this court nor any other court has authority to substitute itself as a fact-finding body in lieu of the board. Accordingly, the superior court erred in entering an award of compensation. *Pacific Employers Ins. Co. v. West*, 213 Ga. 296, 298 (2) (99 SE2d 89); *Independence Indem. Co. v. Sprayberry*, 171 Ga. 565 (156 SE 230).

While in this case it is true that the claimant was the sole

witness to testify at the hearing, there was also in the record a signed and witnessed statement of the claimant which the board was authorized to consider. This statement was in conflict with the claimant's testimony in that it was subject to the construction that the claimant was carrying on personal household chores at the time she tripped over the box of books. With this conflict in the record, the board as the fact-finding body was authorized to resolve the conflict and to find that the claimant had not carried the burden of proof to show that she had an accident and injury which arose out of and in the course of her employment.

*Judgment reversed with directions to the superior court to affirm the award of the board denying compensation. Felton, C. J., and Hall, J., concur.*