44257. INSURANCE COMPANY OF NORTH AMERICA et al. v. DIMAIO.

WHITMAN, judge. The trial court set aside and reversed an award of the Workmen's Compensation Board and remanded the matter to the board for consideration of an application

by the claimant to present additional evidence. In reversing and setting aside the award, the trial court was of the opinion, as expressed in its order, that "the full board overlooked and failed to consider the application of claimant to present additional evidence."

The record shows that a hearing of the case was had before a deputy director after which findings of fact and award were entered, dated November 16, 1967. The findings and award of the deputy director were appealed to the full board. It was pending the full board's review of the matter that the claimant made a written application dated January 8, 1968, to present additional evidence. The full board made no separate or special ruling or response on the claimant's application; rather on February 9, 1969, it entered an order adopting the findings of fact and award of the deputy director as its own.

The order of the trial court reversing the award and remanding the case to the board is appealed from and enumerated as error. *Held:*

1. The fact that the board made no separate or special ruling addressed to the claimant's application cannot be a basis for reversal and remand of the board's findings and award. There is no requirement in the statute, as was held in *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 345 (163 SE2d 923), involving a very similar factual situation, that the board must enter an order formally and expressly granting or denying a party's application to have additional evidence taken. Thus the mere absence of such an order in the record, or the presence of a statement in the record by the secretary-treasurer of the board that "there was never a ruling made by this board on the two letters in question," cannot be the basis of reversal and remand by the trial court.

2. We may assume that the board considered the application but found it to be without merit.

"The board's power to order the taking of additional evidence on review is a discretionary one. The appeal to the board being a de novo proceeding, it may in its discretion hear the parties at issue, their representatives and witnesses. . . However, the board is not obliged to take additional testimony where it is not deemed advisable to do so. . . That discretion must not be disturbed except in cases where it is manifestly abused.

"This court has held that the board, in exercising its power to take additional evidence on review, may properly be guided by principles applicable in the courts in passing on motions for new trial based on newly discovered evidence." (Citations omitted.) *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 345, supra.

The application to present additional evidence states that the claimant was an Italian unable to speak English and therefore unable to communicate except through the aid of an interpreter; and that for the first time after the award of the deputy director was read to the claimant did the claimant impart to claimant's attorney the name of a material witness to the case.

But we cannot say, notwithstanding the communication problem, that the new evidence now sought to be presented could not with reasonable diligence have been previously discovered and presented. There was no manifest abuse of discretion by the board in not allowing additional evidence. The trial court erred in setting aside the award.

*Judgment reversed. Bell, P. J., Jordan, P. J., Eberhardt and Quillian, JJ., concur. Felton, C. J., Hall, Pannell and Deen, JJ., dissent.*

ARGUED FEBRUARY 5, 1969—DECIDED MAY 21, 1969—
REHEARING DENIED JULY 30, 1969—

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellants.

*Alford Wall, Richard D. Carr,* for appellee.

EBERHARDT, Judge, concurring. I am in agreement with the majority opinion. However, there are some observations that I feel it proper to make.

I agree that when a statute provides that an official performing a judicial or a quasi-judicial function may exercise a discretion, there is a correlative duty upon him to do so when he is confronted with a motion or other situation involving an exercise of discretion. See cases cited in *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 203. I agree, too, that the failure or refusal of such an officer to rule on a matter properly presented for the invoking of a ruling is tantamount

to an adverse ruling, and if the matter invoked the exercise of a discretion it is tantamount to a failure to exercise a discretion at all. See *Waldrop v. Wolff & Happ*, 114 Ga. 610, 613 (40 SE 830). And an arbitrary or capricious use of, or an abuse or discretion is the equivalent of a failure to exercise it at all. *South View Cemetery Assn. v. Hailey*, 199 Ga. 478, 483 (34 SE2d 863).

However, there is a presumption that officials perform their duties in accord with the requirements of law. *Marshall v. Russell*, 222 Ga. 490 (1) (150 SE2d 667). I think Judge Whitman, for the majority, properly concludes that "we may assume that the board considered the application [to hear additional testimony] but found it to be without merit." To state it another way, since there is nothing in the record to indicate that the board either failed to exercise its discretion or abused its discretion in this respect, it is presumed that it did exercise it and did so properly. *Milton v. Mitchell County Elec. &c. Assn.*, 64 Ga. App. 63, 64 (12 SE2d 367); *Chambless v. Oates Plumbing &c. Co.*, 97 Ga. App. 80, 81 (102 SE2d 83).

The recital in a certificate of the secretary-treasurer of the board that there was never a ruling on the application amounts to no more than a certificate that no order or ruling on it appears in the record on file with him. It is provided in *Code* § 114-710 that within 30 days after the filing of an appeal to the superior court the board shall "cause certified copies of all documents and papers then on file in their office in the matter, and a transcript of all testimony taken therein, to be transmitted with their findings and order or decree to the clerk of the superior court to which the case is appealable." And see *Rourke v. U. S. Fidel. &c. Co.*, 187 Ga. 636 (4) (1 SE2d 728).

The situation in *American Liberty Ins. Co. v. Sanders*, 120 Ga. App. 203, supra, was altogether different. In that case, and in cases cited, it affirmatively appeared from the order of the court or from other circumstances that there was no exercise of discretion.

PANNELL, Judge, dissenting. On appeal to the superior court, the judge of the superior court requested from the State Board

of Workmen's Compensation additional information pertaining to the record referring specifically to the letter to the board from Mr. Wall dated January 8, 1968, and a letter to the board from Mr. Drew with reference to the same subject matter, and inquiring as to whether or not the board ever made any ruling on the request to present additional evidence. The board replied to this order of the judge of the superior court requesting this information by stating that the "instruments" (the letters) had already been forwarded and that "there was never a ruling made by this board on the two letters in question and the only ruling made by the full board in this case was the award dated February 9, 1968." This letter was signed: "State Board of Workmen's Compensation (S) James C. Pullin. James C. Pullin. Secretary-Treasurer."

In my opinion, this letter from the board settles this question and this court cannot by construction reach a contrary "presumption." In my opinion, the judge of the superior court was correct in so holding and in remanding the case to the State Board of Workmen's Compensation for consideration of the application to present additional evidence.

The State Board of Workmen's Compensation is not a court but an administrative body, and "[i]n the administration of the Act, the technical niceties of pleading and procedure as applied to courts of law and equity need not be strictly followed. *Maryland Cas. Co. v. Gill*, 46 Ga. App. 746, 748 (169 SE 235); *Jones v. American Mut. Liab. Ins. Co.*, 48 Ga. App. 351, 352 (172 SE 600)." *Continental Ins. Co. v. McDaniel*, 118 Ga. App. 344, 345 (163 SE2d 923). Since the Civil Practice Act, applied on the motion for rehearing, applies only to courts of record in this State, it cannot be applied to the State Board of Workmen's Compensation on a mandatory basis.

### On Motion for Rehearing.

Whitman, Judge. The motion for rehearing by the claimant-appellee is hereby denied. The motion deals with the question of the action or non-action of the board with respect to the application of claimant of date January 8, 1968. In view

of the motion it is deemed appropriate here to amplify the majority opinion by setting forth particular facts as shown by the record and related legal principles regarded as applicable thereto.

1. The hearing in this case before the deputy director was held on September 1, 1967. The hearing before the full board was had more than four months thereafter. The award of the full board of date February 9, 1968 recites: "The above styled case came on for consideration before the full board on January 8, 1968, on appeal from the award of the deputy director dated November 16, 1967." The application of counsel for claimant was in letter form and bears date January 8, 1968, and states that "the above case *was* scheduled for hearing this date (January 8, 1968) before the full board," and by this letter motion was made to "grant to the claimant the right to *reopen* his case for the purpose of taking additional testimony," and the claimant by said letter requested the full board to "allow the claimant to *reopen* said case and take additional testimony as herein set out." (Emphasis supplied.) The letter of January 8, 1968, was not received by the board until January 19, 1968. It does not appear from the record that on the hearing before the full board on January 8, 1968, any motion was made by counsel for claimant for a continuance or postponement of the hearing for the purpose of hearing or taking the testimony of any witness or witnesses on behalf of the claimant at a later date.

The Civil Practice Act, *Code Ann.* § 81A-106 (d) provides for a written motion and notice of the hearing thereof and service of such notice and that when a motion is supported by affidavit, the affidavit shall be served with the motion. By *Code Ann.* § 81A-107 (b) it is provided: "(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

The letter of January 8, 1968, was not verified or accom-

panied by any affidavit nor was a rule nisi for a hearing sought or issued thereon; and it does not appear that there was any notice by claimant of a hearing on said motion. The letter may well have been considered by the board and disregarded as not having been in compliance with the Code sections referred to.

With respect to the Civil Practice Act it is appropriate to resort to Federal cases for its construction. *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260). In this connection see Raughley v. Pennsylvania R. Co., 230 F2d 387, 391.

2. Grounds 1 and 2 of the letter-motion to reopen the case were that claimant was of foreign birth, age 72 years and spoke no English, and was unable to communicate with his attorney except through the aid of an interpreter, and that due to this situation claimant's attorney was unable to impart to the claimant and receive from him all of the information necessary to properly prosecute his case; that claimant's attorney had a conference with claimant through an interpreter while the instant case was on appeal to the full board, and that for the first time after the award of the deputy director was read to the claimant did claimant impart to claimant's attorney the name of a material witness to the case.

As hereinabove indicated, the hearing before the deputy director was had on September 1, 1967, and the record shows that on that hearing the testimony of the claimant was by and through an interpreter, one Aristida G. Coletta, stipulated by the parties to serve as the interpreter for claimant on the hearing, and it appears that on that hearing claimant was represented by the same counsel who later by the letter-motion of January 8, 1968, requested a reopening of the case by and before the full board. The award of the deputy director was of date November 16, 1967, nearly two months before the hearing before the full board, and the hearing before the full board was more than four months after the hearing before the deputy director. Moreover, it appears from the record that the award of the deputy director was appealed to the full board on November 21, 1967, and it does not appear from the motion when during the pendency of that appeal before the

full board counsel claimed to have had a conference with claimant through an interpreter.

It thus appears that counsel for claimant had ample opportunity prior to the date of the hearing before the full board on January 8, 1968, to have conferred with claimant with respect to any further preparation of the case for the hearing before the full board.

3. Ground 2 of the letter-motion states "that for the first time after the award of the deputy director was read to the claimant did the claimant impart to claimant's attorney the name of a material witness to the case." Ground 3 of the motion states that "claimant's attorney shows that said witness testifies and gives evidence contrary to that given by Vickie Fennell, who testified for the defendant and employer at the hearing before Deputy Director Stripling on September 1, 1967." The name of the purported material witness is not stated nor was it made known until counsel for claimant gave the name of the purported witness in counsel's affidavit filed in the superior court November 25, 1968, which affidavit is hereinafter referred to in this opinion. The affidavit was not in existence at the time of the hearing by the deputy director or the full board and is not a part of the record of the case before the board. Ground 3 of the motion lacks that element or degree of particularity required by *Code Ann.* § 81A-107 (b). See Steingut v. National City Bank of N. Y., 36 FSupp. 486, 487. The record of the testimony before the deputy director shows that the witness Vickie Fennell, who testified at said hearing, gave testimony as to a number of material facts, and it does not appear from the motion what particular fact or facts testified to by the witness Fennell would be contradicted by the unnamed witness, nor does it appear what fact or facts would be testified to by the proposed witness.

Bearing in mind the holding of this court in *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344 (163 SE2d 923), quoted from in the majority opinion, that "the board, in exercising its power to take additional evidence on review, may properly be guided by principles applicable in the courts in passing on motions for new trial based on newly discovered evidence,"

Ground 3 of the motion is purely a statement of conclusion, and at most has reference to impeaching testimony, and is without merit. *Moss v. State,* 44 Ga. App. 244 (161 SE 293); *Gates v. State,* 84 Ga. App. 367 (66 SE2d 342).

It was not necessary that the full board issue any order whatsoever on the letter-motion to reopen the case. "When an alleged extraordinary motion for new trial is entirely without merit, it is proper for the judge to decline to entertain the same and to refuse to grant a rule nisi thereon." *Harris v. Roan,* 119 Ga. 379 (5) (46 SE 433). To the same effect see *Loomis v. Edwards,* 80 Ga. App. 396 (56 SE2d 183); *Fulford v. State,* 222 Ga. 846 (152 SE2d 845).

4. As hereinabove indicated, after the award of the full board had been appealed to the Superior Court of Fulton County, counsel for claimant filed in that court on November 25, 1968, his affidavit of that date verifying "the facts contained in the letter to the State Board of Workmen's Compensation dated January 8, 1968," and by that affidavit asked the superior court to reverse and remand the case back to the board for the purpose of allowing deponent to take the evidence of one Charles S. Glaize on behalf of the claimant, stating that the witness Charles S. Glaize is the same person alluded to in deponent's letter of January 8, 1968. In that affidavit "deponent shows that the full board . . . abused its discretion in failing to allow said case to be reopened and the testimony of the witness, Charles S. Glaize, to be taken on behalf of the claimant."

The affidavit involves factual connotations and neither the superior court nor this court has any fact-finding jurisdiction or power. *General Accident &c. Assur. Corp. v. Titus,* 104 Ga. App. 85 (121 SE2d 196); *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (2) (99 SE2d 89).

"In the exercise of the appellate power granted to judges of the superior courts of this State in regard to workmen's compensation cases, the judges reviewing such cases are not authorized to hear evidence, but must consider only the record on appeal. Newly discovered evidence is not a statutory ground for reversal, for which reason it may not be considered." *Wo-*

*mack v. U. S. Fidel. &c. Co.*, 85 Ga. App. 564 (2a) (69 SE2d 812). See also *City of Hapeville v. Preston,* 67 Ga. App. 350 (5) (20 SE2d 202).

Even if such affidavit could be considered, it appears therefrom that the unnamed witness alluded to in deponent's letter of January 8, 1968, was one Charles S. Glaize. The name of the witness must have been known to counsel for claimant prior to January 8, 1968, the letter of that date having reference to information received by deponent in a conference had by him with claimant through an interpreter. On the hearing before the deputy director claimant had testified that on the night of his alleged injury he told one Charlie, the cook, that he was sick and that he was going home, and it also appeared on said hearing that the name of the cook was one Charlie Glass. It may be assumed that Charles S. Glaize and Charlie Glass were one and the same person.

*The majority opinion of reversal is adhered to.*