for appellants.
*Paul S. Liston,* for appellee.

## 56949. PATTERSON v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for armed robbery and convicted of robbery by intimidation. As the judgment is not subject to reversal for any of the grounds assigned on appeal, we affirm.

1. Immediately after the oath had been administered to the jury, the trial court ordered the evacuation of the courtroom because a bomb threat had been received. Defense counsel made a motion for a continuance on the ground that a bomb threat is a criminal act which would prejudice his case. We find appellant's contention that the denial of this motion constituted error to be without merit. *Davis v. State,* 143 Ga. App. 329 (4) (238 SE2d 289).

2. A review of the Jackson-Denno hearing (378 U. S. 368) refutes appellant's assertion that the state failed to carry its burden concerning the admissibility of appellant's alleged oral confession.

The officer who questioned appellant advised appellant that he had a right to remain silent, that anything he said could and would be used against him in a court of law, that he had a right to have an attorney present then or at any time during his questioning and that if he could not afford an attorney, one would be appointed. We reject appellant's claim that this warning failed to inform appellant that he had a right to an attorney at that particular time and that this warning was therefore inadequate. See *Currelley v. State,* 145 Ga. App. 29 (5) (243 SE2d 307). See generally *Eubanks v. State,* 240 Ga. 166 (240 SE2d 54). The absence of a signed waiver of rights does not render the statements inadmissible where the evidence otherwise authorized a finding of voluntariness.

3. Appellant challenges the verdict on the general grounds. This argument is premised on the exclusion of

appellant's confession and a contention that the testimony of two alleged accomplices is without probative value. See Code Ann. § 38-1806.

As we have held that the appellant's confession was admissible, and as other evidence of the crime appears, the judgment is not subject to reversal on the general grounds. *Herrington v. State,* 149 Ga. App. 130, Divisions 3 and 4 (1979).

4. During cross examination, defense counsel requested that the trial court allow him to discontinue questioning, apparently to confer with his client. The trial court responded: "Just a moment [counselor] . . . we are wasting considerable time here." Appellant asserts that the court erred in denying his motion for mistrial, which motion was based on this allegedly improper expression of opinion. We disagree.

The record shows that the trial court informed the jury that its statement was a reference to time constraints and not to the quality of the cross examination. The statement does not rise to the level of being in violation of Code Ann. § 81-1104. See, e.g., *Foushi v. State,* 144 Ga. App. 608 (3) (244 SE2d 14). Cf. *Harrison v. State,* 20 Ga. App. 12 (2) (92 SE 388).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Submitted October 31, 1978 — Decided March 8, 1979 — Rehearing denied March 21, 1979 — ▮▮▮▮▮▮▮

*Richard O. Smith,* for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.