## 61914. BAXTER v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of armed robbery.

1. After a jury had been selected but before it had been sworn, a juror informed the trial court that he knew appellant's father. The state requested and was allowed a peremptory challenge of this juror. Appellant's arguments that this procedure was erroneous are clearly

meritless. *White v. State,* 154 Ga. App. 527 (268 SE2d 790) (1980).

2. Appellant argues that it was error to admit into evidence the result of his "inconclusive" polygraph test. The contention that the results were "inconclusive" is premised upon appellant's assertion that the administrator of the test could only "speculate" that the polygraph machine was properly calibrated on the day the test was conducted. Appellant's characterization of the witness' testimony is not borne out by the transcript. The witness in fact testified that the polygraph machines he uses are calibrated for accuracy "[e]very day, every morning" and that he was "sure" the machine he used in conducting appellant's test was calibrated in accordance with this schedule, it being "the normal course of business" to do so. This testimony was probative, not speculative. "Generally, a witness who has no distinct and independent recollection of the details of a fact occurring in the routine course of his business may testify to the fixed and uniform habit in such cases and state that he believes that what was done in a given transaction was in accordance with habit. [Cits.]" *Continental Cas. Co. v. Wilson-Avery,* 115 Ga. App. 793, 797-798 (156 SE2d 152) (1967). "The probative value of such evidence is for the jury to determine. [Cits.]" *Fletcher Emerson Management Co. v. Davis,* 134 Ga. App. 699, 701 (2) (215 SE2d 725) (1975). This enumeration of error is without merit.

3. Citing *Chambers v. State,* 146 Ga. App. 126 (245 SE2d 467) (1978), appellant urges that it was error to admit the results of his polygraph test because it was not conducted in strict compliance with the stipulation concerning the administration thereof. In support of this assertion appellant contends that, in violation of the terms of the stipulation between himself and the state, he was denied the right to have counsel present at the test. Pretermitting consideration of what effect appellant's failure to object at trial to the admission of the polygraph test on this ground has on appeal, a review of the transcript demonstrates that appellant's underlying assertion that the stipulation included a right to presence of counsel is inaccurate. The document appellant characterizes as the "stipulation" is, in fact, the consent and waiver of rights form signed by appellant on the day of the test by which he "was advised of his Miranda rights, including his right to have his attorney present, which he waived." *Reynolds v. State,* 147 Ga. App. 488, 489 (249 SE2d 305) (1978). Thus the very document upon which appellant relies for establishing his "right" to have counsel present at the test is, in fact, his waiver of that right. The true "stipulation" between appellant and the state is in the record and it amply demonstrates that appellant fully and without reservation agreed to undergo a polygraph test, the results of which would "be received in evidence in the above-styled case, either on

behalf of the State or on behalf of the defendant . . ." The results of appellant's polygraph test were not erroneously admitted into evidence pursuant to this stipulation. *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977).

4. Appellant urges that it was error to bring him to trial "without reasonable time to notify and subpoena his witnesses . . ." Appellant could have moved for a continuance under Code Ann. § 81-1410 but did not do so. There was no error. *Hanson v. State,* 27 Ga. App. 590 (1) (109 SE 523) (1921).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Charles E. Muskett, Richard R. Kirby,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, J. Wallace Speed, Assistant District Attorneys,* for appellee.